## S. L. Sheppard v. W. O. Wood, S. S. Wood and A. G. Wood.

1. PRINCIPAL AND AGENT—*Knowledge of the Agent is Notice to the
Principal.*—A person acting by an agent in buying notes is chargeable
with notice of the usury contained in the transaction to the extent of his
agent's knowledge.

Assumpsit, on a promissory note.   Trial in the Circuit Court of Moul-
trie County; the Hon. EDWARD P. VAIL, Judge, presiding.   Verdict for
plaintiff on balance of note after deducting usury, etc., and judgment
accordingly.   Appeal by plaintiff.   Heard in this court at the May term,
1898.   Affirmed.   Opinion filed October 5, 1898.

J. R. & WALTER EDEN and F. M. HARBAUGH, attorneys
for appellant.

R. M. PEADRO, attorney for appellees.

MR. JUSTICE HARKER delivered the opinion of the court.
This is a suit upon a promissory note for $333.50, executed
by appellees to M. T. Sheppard and assigned by him to ap-

pellant before maturity. The defense interposed was that the note was a renewal of former notes given on a contract for a usurious rate of interest, and that appellant had notice of the usury before taking the note. The defense prevailed and judgment was recovered for $159 only. The usury is admitted and the only question submitted for our consideration is whether appellant had notice of it.

The evidence shows that M. T. Sheppard is a banker at Lovington, Illinois; that appellant is the wife of J. B. Sheppard, a brother of M. T. Sheppard, and lives at Texarkana, Arkansas; that appellant, through her husband, sent $4,500 to M. T. Sheppard for investment, and that the note in controversy was purchased with money so sent for investment. M. T. Sheppard thereby became the agent of appellant. Appellant was chargeable with notice of the usury contained in the transaction to the extent of her agent's knowledge. Story on Agency, Sec. 140; First National Bank of Monmouth v. Dunbar, 19 Ill. App. 558; Boyd v. Herkes et al., 25 Ill. App. 527.

No error was committed by the court in receiving proof of statements of appellant as to the agency, contained in her deposition taken in another case.

Seeing no error in the record the judgment will be affirmed.