## Childers v. Billiter.

(Decided June 2, 1911.)

### Appeal from Grant Circuit Court.

1. Bills and Notes—Purchaser Buying Without Knowledge of Infirmity—Although the purchaser of a note buys it without knowledge of its infirmity, still if his agent who made the purchase for him, knows of the infirmity, he takes it subject to the defense which the maker had against the original holder.

2. Holder for Value—Pleading—The holder can not rely on the fact that the person from whom he bought the note was a holder for value, when he does not rely on this in his pleading.

3. Conditional Execution—Recovery by Purchaser—A note being executed upon a condition, and the purchaser's agent having notice of the condition when he bought the note, there can be no recovery on it by the purchaser where the original holder could not have recovered if he had retained the note.

A. G. DeJARNETTE for appellant.

O. S. Hogan and CLORE, DICKERSON & CLAYTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

On January 16, 1909, J. H. Dickey, as the agent for John G. Webb, sold to S. M. Billiter 50 shares of A preferred and 25 shares of common stock owned by Webb in the Columbus, Delaware and Marian Railway Company, and Billiter executed the following note therefor:

"$3750.00                              "January 16, 1909.

Six months after date I promise to pay to the order of John G. Webb, Springfield, O., Thirty Seven Hundred Fifty Dollars, Value received, negotiable and payable at the Grant County Deposit Bank, Williamstown, Ky., without interest.

(Signed), S. M. Billiter."

It was agreed between Dickey and Billiter that at the end of six months the note should be renewed for another six months and if Billiter was not satisfied then they would take the stock off his hands and give him his note. To evidence this agreement the following writing was drawn and signed by Dickey and afterwards signed by Webb and delivered to Billiter:

"Williamstown, Ky., January 16, 1909.

"This is to certify that we, the undersigned, agree to purchase from S. M. Billiter, 50 shares of "A" preferred stock in the C. D. & M. Co., and 25 shares of the C. D. & M. Common for $3,750.00, 12 months from date, at S. M. Billiter's option.

J. H. DICKEY,
JOHN G. WEBB."

Webb endorsed the note and delivered it to J. Glasscock. Glasscock sold it to R. H. Childers who brought this suit upon it against Billiter. Billiter pleaded that the note had been obtained from him by fraud and also pleaded the agreement above referred to. He charged that the condition of the railway company was fraudulently represented to him, and also the financial condition of Webb; that the railway company was then insolvent, and that Webb and Dickey knew this, also that Webb was insolvent. Childers by his reply alleged that he bought the note in the regular course of business without notice of any infirmity in it, and paid therefor the full consideration. Billiter denied that Childers was a purchaser without notice, and on these issues the case was submitted to a jury, who found for the defendant. The court entered judgment on the verdict and Childers appeals.

The proof shows that R. H. Childers bought the note and paid for it in the usual course of business soon after it was executed, and that he at that time had personally no notice of any infirmity in the paper. But he did not buy the note personally; the purchase was made for him by his son Robert Childers, who acted as his agent in the

transaction, and the proof for the defendant showed that Robert Childers had notice of the infirmity of the paper before he purchased it for his father. There is no allegation in the pleading that Glasscock was a bona fide purchaser without notice; the plaintiff, Childers, pleaded that he was a purchaser without notice; but if his agent who bought the note for him had notice, this was notice to him. While the evidence was conflicting, it was sufficient to submit the case to the jury and on all the proof we can not disturb the verdict of the jury on the ground that it was palpably against the evidence.

The court gave the jury these instructions:

"1. The court instructs the jury that the defendant, S. M. Billiter, admits the excution of the note declared on herein and that they must find for the plaintiff, R. H. Childers, the sum of $3750.00; unless they shall further believe from the evidence, that said note was procured from defendant by fraud and misrepresentations of the value of the stock of the Columbus, Delaware and Marion Railway Company, by John G. Webb or J. H. Dickey, his agent, or that it was agreed by said Webb and Dickey that the defendant should be permitted to renew said note at its maturity, or that said Webb or Dickey his agent, agreed with defendant to purchase from him the same amount of stock in said company that defendant bought in said company at the expiration of one year for the sum of $3750.00; and they shall further believe from the evidence that the plaintiff, R. H. Childers, or his agent, before or at the time he purchased said note had knowledge or notice of the said fraud or misrepresentations, if any, of said Webb, or Dickey, his agent, in regard to the value of said stock or the conditions, if any, upon which said note was executed, then the law is for the defendant, and they should so find.

2. The court instructs the jury that although they shall believe from the evidence in this case that said Webb and Dickey did procure from the defendant the note declared on herein, by fraud and misrepresentations of the value of the stock of said Company, or that they agreed with the defendant to purchase of him the same amount of stock in said company at the expiration of one year, that he had bought in said company, for the sum of $3,-750.00; they cannot find for the defendant unless they shall further believe from the evidence that the plaintiff, R. H. Childers, or his agent, Robert Childers, before or at

the time he purchased said note, had knowledge or notice of the said fraud or misrepresentations, if any, of said Webb or Dickey in regard to the value of said stock or the conditions, if any, upon which said note was executed.

3. To constitute notice of an infirmity in said note, or defect in the title of said Webb, the plaintiff, or his agent, must have had actual knowledge of the infirmity or defect in same, or knowledge of such facts in relation thereto that his action in taking said note amounted to bad faith upon his part.

4. The court instructs the jury that Robert Childers was the agent for the plaintiff, R. H. Childers, in the purchase of said note sued on herein, and if the jury believes he, at the time he purchased said note, had actual knowledge of infirmity in said note, or defect in same or its title by reason of false representation or statements of said Webb or Dickey, or knowledge of such facts in relation thereto as that his act in taking said note amounted to bad faith on his part, in that case they shall find for the defendant.''

The proof for the defendant was to the effect that the railway Company was insolvent and was represented to him as in a flourishing condition when the stock was sold him. This was the misrepresentation relied on and we cannot see that instruction No. 1 could have misled the jury when they were told that they might find for the defendant if the note was procured from the defendant by fraud or misrepresentations of the value of the stock. But aside from this there was no dispute in the evidence that it was agreed that if at the end of a year Billiter was not satisfied with the stock, his note was to be given up to him. The writing sufficiently expressed this contract and clearly on the face of this writing, Webb could not have enforced the note. If Childer's agent who bought the note had notice of the condition upon which it was executed, then his principal for whom he bought it stands in no better position than Webb would, if he had kept the note. So the case ultimately comes simply to the question of notice. On these facts the instructions of the court are faultless, and under the evidence we see no reason for disturbing the verdict of the jury.

Judgment affirmed.