(July 2, 1917.)

ELLA G. LIBBY, Appellant, v. C. W. PELHAM, Respondent.

[166 Pac. 575.]

CHANGES OF LANGUAGE IN REVISIONS OF STATUTES — CONSTRUCTION OF REVISED STATUTES—PROHIBITION TO COUNTY COMMISSIONERS FROM DEALING IN COUNTY WARRANTS—SECTIONS 258 AND 260, REVISED CODES, CONSTRUED.

1. Sec. 5 of the Revised Statutes of 1887, and sec. 5 of the Rev. Codes of 1909, both provide that the provisions of said Revised Statutes and Revised Codes, "so far as they are substantially the same as existing statutes, must be construed as continuations thereof, and not as new enactments."

2. Changes made by a revision of a statute, as distinguished from legislative amendment, will not be regarded as altering the law as it existed previous to revision, unless it is clear that such was the intention, and if the statute as revised is ambiguous or is

susceptible of two constructions, reference may be had to prior statutes for the purpose of ascertaining intention.

3.   Sec. 258, Rev. Codes, was a part of an act entitled, "An act to prevent officers from dealing in certain securities." The use of the word "dealing" clearly indicates an intention on the part of the legislature to preclude officers from dealing in such securities in any manner whatsoever, whether for their own use or benefit or that of any other person.

4.   Where a wife purchased purported county warrants, through her husband as her agent, who was at the time of such purchase a county commissioner, she must be presumed to have done so with the knowledge that under the provisions of secs. 258 and 260, Rev. Codes, the county treasurer would be without authority to pay such warrants, and she is not in a position to complain that there was no consideration.

5.   Rights based on a violation of law will not be enforced, and if a transaction is illegal because in contravention to a statute, it will not be upheld in any way, but the parties will be left in the situation in which they have voluntarily placed themselves.

6.   *Held*, that the trial court did not err in directing the jury to return a verdict for defendant.

[As to constitutionality of code amendment or revision, see note in 86 Am. St. 267.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County.   Hon. John M. Flynn, Judge.

Action for money had and received.   Judgment for defendant.   *Affirmed.*

Black & Wernette, for Appellant.

When a statute is amended, repassed or re-enacted by the legislature, and a clause or part thereof omitted, and with such omission the statute as amended, repassed or re-enacted makes sense either with or without the omitted portion, there is no presumption that the legislature did not intend the omission.   (2 Lewis' Sutherland's Stat. Const., p. 801, sec. 412.)

The parts of the former act omitted in the revision cannot be supplied under the guise of construction.   (*State ex rel. Everding v. Simon,* 20 Or. 367, 26 Pac. 170; *Sener v. Ephrata,* 176 Pa. St. 80, 34 Atl. 954; *Pacific University v. Johnson,* 47

Or. 448, 84 Pac. 704; *Stitt v. Bush,* 22 Or. 239, 29 Pac. 737; *Schaedler v. Columbia Contract Co.,* 67 Or. 412, 135 Pac. 536.)

"If the acts alleged do not come clearly within the prohibition of the statute, its scope will not be extended to include other offenses than those that are clearly described and provided for; and if there is a fair doubt as to whether the act charged is embraced in the prohibition, that doubt is to be resolved in favor of defendant." (36 Cyc. 1186; *Distilled Spirits Case,* 11 Wall. (U. S.) 356, 20 L. ed. 169.)

"Notice to or knowledge of a mere ministerial agent, clerk or servant will not be imputed to the principal." (2 Corpus Juris, 865; *Royle Min. Co. v. Fidelity & Casualty Co.,* 161 Mo. App. 185, 142 S. W. 443; 2 Pomeroy's Eq. Jur., sec. 668; Mechem on Agency, 2d ed., sec. 1834; *Rogers v. Dutton,* 182 Mass. 187, 65 N. E. 56; *Pennoyer v. Willis,* 26 Or. 1, 46 Am. St. 594, 36 Pac. 568; *Trenton v. Pothen,* 46 Minn. 298, 24 Am. St. 225, 49 N. W. 129.)

The rule of constructve notice to a principal can have no operation whatever in a case where the agent himself has not received actual notice. (*Wheatland v. Pryor,* 133 N. Y. 97, 30 N. E. 653; *Central Trust Co. of New York v. West India Imp. Co.,* 48 App. Div. 147, 63 N. Y. Supp. 853.)

C. H. Potts, for Respondent.

A county commissioner is prohibited by express statute from purchasing county warrants, and officers charged with the disbursement of public moneys are prohibited from paying warrants purchased by a county commissioner. (Secs. 258, 260, Rev. Codes.)

If there is any doubt that the prohibition against purchasing and selling warrants contained in the present statute applies to the facts of this case, then the statute is ambiguous and uncertain, and it is the duty of the court to resort to the original statute to determine the meaning of the present law. (*Becklin v. Becklin,* 99 Minn. 307, 109 N. W. 243; *State v. Stroschein,* 99 Minn. 248, 109 N. W. 235; *Comer v. State,* 103 Ga. 69, 29 S. E. 501; *Taylor v. Inhabitants of Town of Caribou,* 102 Me. 401, 10 Ann. Cas. 1080, 67 Atl. 2; *United*

*States v. Bowen,* 100 U. S. 508, 25 L. ed. 631; *United States v. Lacher,* 134 U. S. 624, 10 Sup. Ct. 625, 33 L. ed. 1080; *Thomas v. United States,* 156 Fed. 897, 84 C. C. A. 477, 17 L. R. A., N. S., 720.)

Constructive notice to the agent is sufficient to charge the principal with knowledge of the facts which the agent could have acquired by a proper inquiry. (2 Corpus Juris, 863; *Bauer v. Pierson,* 46 Cal. 293; *Babbitt v. Kelly,* 96 Mo. App. 529, 70 S. W. 384; *Furry v. Ferguson,* 105 Iowa, 231, 74 N. W. 903.)

BUDGE, C. J.—Appellant brought suit to recover from respondent the sum of $1,400, which she alleged in her amended complaint was had and received by respondent from appellant on March 10, 1914, as the purchase price of seven purported Kootenai county warrants, sold by respondent to appellant, and which were afterward held to be invalid on the ground that the purchase of certain timber estimates, for which said warrants were issued, was the incurring of an indebtedness on the part of the county, exceeding the income and revenue for said year.

The answer of respondent traversed the allegations of the complaint, and set up as an affirmative defense, that the warrants were not purchased by appellant but were purchased by I. A. Libby, her husband, then a member of the board of county commissioners of Kootenai county, and that the warrants were therefore invalid under the provisions of sec. 258, Rev. Codes.

The record discloses that appellant is the wife of I. A. Libby; that the board of county commissioners, of which I. A. Libby was a member, entered into an agreement with respondent, by the terms of which he agreed to sell to the county certain estimates of timber on lands lying therein, for assessment purposes, for the sum of $2,500, and the county, through the board, agreed to purchase the same for the above amount; that the estimates were delivered to the county and a claim filed therefor by the respondent, which claim was allowed on March 5, 1914, and the county auditor ordered to draw war-

rants in payment of the same; that on March 7, 1914, the warrants were drawn, among them being the warrants involved in this action; that on March 10, 1914, I. A. Libby purchased from respondent $1,400 worth of these warrants for appellant, with her money; and at the time of drawing the warrants respondent assigned them, by writing his name across the back thereof.

At the close of all the evidence respondent moved for a nonsuit and a directed verdict, which latter motion was granted and the jury returned a verdict in favor of respondent, and judgment was entered thereon. A motion for a new trial was subsequently overruled. This appeal is from the judgment and from the order overruling the motion for a new trial.

Appellant relies upon fifteen assignments of error. It is not necessary to discuss them separately. The only material point raised in the case is as to whether or not the motion for a directed verdict was properly allowed.

This case was argued as a companion case to *Milner v. Pelham, ante,* p. 594, 166 Pac. 574, and much of the matter presented by counsel, both for appellant and respondent, proceeds upon the theory that many of the questions involved in the two cases are identical. It will be seen, however, that while much of the evidence in the two cases is similar, the material facts in this case do not appear in the Milner case, and the legal questions involved are in no way related. In the Milner case respondent's right to recover is based upon the invalidity of the warrants, while in the present case the validity or invalidity of the warrants is not material.

The correct solution of this case depends largely upon the construction to be given sections 258 and 260, Rev. Codes, which are as follows:

"Sec. 258. The State Treasurer and Auditor, the several county, city, district or precinct officers of this State, their deputies and clerks, are prohibited from purchasing or selling, or in any manner receiving to their own use or benefit, of any person or persons whatever, any State, county, or city warrants, scrip, orders, demands, claims, or other evidences of indebtedness against the State, or any county or city

thereof, except evidences of indebtedness issued to or held by them for services rendered as such officer, deputy or clerk, and evidences of the funded indebtedness of such State, county, city, district or corporation.''

''Sec. 260. Officers charged with the disbursement of public moneys must not pay any warrant or other evidence of indebtedness against the State, county, city or district, when the same has been purchased, sold, received or transferred contrary to any of the provisions of this chapter.''

Appellant lays great stress upon the fact that sec. 258, Rev. Codes, as it was originally enacted in 1875, contained the words ''or to the use and benefit'' before the words ''of any person or persons,'' and that in the subsequent Revised Statutes and Revised Codes the words ''or to the use and benefit'' do not appear, and contends that by the omission of these words the legislature intended to modify the meaning of the original act by withdrawing the inhibition against purchasing or selling or in any manner receiving such warrants to the use and benefit of other persons than the county, city or town officers.

While the language of the section as it appears in the Revised Codes is awkward, the meaning appears to be clear. The language used must be deemed to have the same meaning as it did before revision, if any meaning whatever is to be given to the words ''of any person or persons, whatever.'' It should be noticed that the omission of the words ''or to the use and benefit'' occurs in a revision of the statutes and codes and not as an express amendment of the section. If the language is ambiguous, it should not be forgotten that both the Revised Statutes of 1887 and the Revised Codes of 1909 provide respectively, in section 5, that the provisions of the Revised Statutes and Codes, ''so far as they are substantially the same as existing statutes, must be construed as continuations thereof, and not as new enactments.'' In the absence of the provisions just quoted, it is a general and well-settled rule of statutory construction that ''changes made by a revision of the statute will not be regarded as altering the law, unless it is clear that such was the intention, and, if the Revised

Statute is ambiguous or is susceptible of two constructions, reference may be had to prior statutes for the purpose of ascertaining the intention.'' (*Becklin v. Becklin,* 99 Minn. 307, 109 N. W. 243; *State v. Stroschein,* 99 Minn. 248, 109 N. W. 235; *Comer v. State,* 103 Ga. 69, 29 S. E. 501; *Taylor v. Inhabitants of Town of Caribou,* 102 Me. 401, 10 Ann. Cas. 1080, 67 Atl. 2; *Thomas v. United States,* 156 Fed. 897, 84 C. C. A. 477, 17 L. R. A., N. S., 720; *United States v. Bowen,* 100 U. S. 508, 25 L. ed. 631; *United States v. Lacher,* 134 U. S. 624, 10 Sup. Ct. 629, 33 L. ed. 1080; *The Conqueror,* 166 U. S. 110, 17 Sup. Ct. 510, 41 L. ed. 937; *Barrett v. United States,* 169 U. S. 218, 18 Sup. Ct. 327, 42 L. ed. 723.)

Applying this rule to sec. 258, Rev. Codes, and the act of which it was a part, it appears that that act was entitled, ''An act to prevent officers dealing in certain securities.'' It cannot be argued successfully that the act merely intended to prevent officers from buying or selling such securities for their own use or benefit. The use of the word ''dealing'' negatives any such intention, and clearly indicates an intention on the part of the legislature to prevent officers from dealing in such securities in any manner whatsoever, whether for their own use or benefit or for the use or benefit of another person.

As will be seen from the reading of sec. 260, Rev. Codes, above quoted, the treasurer is absolutely prohibited from paying any warrant whenever such warrant has been purchased, sold, received or transferred contrary to any of the provisions of the chapter of which sec. 258, Rev. Codes, is a part. And it is also provided by sec. 6384, Rev. Codes, that:

''Every officer or person prohibited by the laws of this State from becoming a purchaser at sales, or from purchasing scrip, or other evidences of indebtedness, who violates any of the provisions of such laws, is punishable by a fine of not more than one thousand dollars, or by imprisonment in the State Prison not more than five years.''

The appellant, however innocent and ignorant of these provisions she may have been in fact, is in law presumed to know of the punishment and limitations which have been prescribed by these sections, and when she purchased the warrants in

question, through her husband, who was at that time one of the county commissioners of Kootenai county, she did so knowing that under the statutes he was expressly prohibited from purchasing them, and that the county treasurer would henceforth be without authority to pay the warrants. If she chose to purchase the warrants under these conditions she did so at her own risk. She received precisely what she purchased, namely, purported warrants of Kootenai county, which her agent, being a county commissioner, could not legally purchase, either for himself or for anyone else, or in any capacity. The appellant also had full knowledge that the act of purchasing these warrants invalidated them and raised an absolute bar against their payment by Kootenai county, and, therefore, she is not in a position to complain that she received no consideration. (*Otis v. Cullum,* 92 U. S. 447, 23 L. ed. 496; *Sutro v. Rhodes,* 92 Cal. 117, 28 Pac. 98; *Berka v. Woodward,* 125 Cal. 119, 73 Am. St. 31, 57 Pac. 777, 45 L. R. A. 420; *Swanger v. Mayberry,* 59 Cal. 91; *Harrison County v. Ogden,* 133 Iowa, 677, 108 N. W. 451.) In the latter case it was said:

"It is a fundamental rule, however, that rights based on the violation of the law will never be enforced by the courts. . . . . If the court is advised that the transaction is illegal because in contravention of a statute making it a criminal offense, it is sufficient to justify a refusal to uphold the transaction in any way."

It follows from what has been said that the trial court did not err in granting the motion for a directed verdict, and in instructing the jury to return a verdict for respondent. The judgment is affirmed. Costs awarded to respondent.

Rice, J., concurs.

MORGAN, J., Concurring.—Had the purported warrants in question been, at the date of their issuance, valid obligations of Kootenai county which subsequently became invalid because they were purchased by a member of the board of county commissioners, acting either in his own behalf or as

agent for another, I would be in entire accord with the foregoing opinion, but they were not. In *Milner v. Pelham, ante,* p. 594, 166 Pac. 574, we held certain purported warrants, being a part of the same issue and issued for the same purpose as those here under consideration, to be "pieces of worthless paper, on their faces similar in all respects to valid Kootenai county warrants."

The purpose of sec. 258, Rev. Codes, quoted in the foregoing opinion, is to prohibit certain officials from dealing in public obligations evidenced by valid warrants or other evidences of indebtedness therein mentioned, and the purpose of sec. 260 is to prevent officers charged with the disbursement of public moneys from paying any warrant or other evidence of public indebtedness, otherwise valid, when the same has been purchased, sold, received or transferred contrary to any of the provisions of the chapter of which that section and sec. 258 are parts.

As I understand the facts in this case, these warrants were originally held to be invalid because of violation of sec. 3, art. 8 of the constitution, which provides, among other things: "No county . . . . shall incur any indebtedness, or liability, in any manner, or for any purpose, exceeding in that year, the income and revenue provided for it for such year, . . . . Any indebtedness or liability incurred contrary to this provision shall be void. . . . ." Therefore, these purported warrants never were valid, and the sections of the code, above mentioned and relied upon in the foregoing opinion, have no application here. In other words, nothing in these sections contained, or anywhere else in the law, so far as I have been able to find, prohibits a member of the board of county commissioners, acting either in his individual capacity or as agent for another, from purchasing "pieces of worthless paper, on their faces similar in all respects to valid Kootenai county warrants," so long as they do not constitute evidences of public indebtedness.

I. A. Libby, husband of appellant, who acted as agent for his wife in negotiating the purchase of the purported warrants, was a member of the board of county commissioners of

Kootenai county, and, as such, had full knowledge of all the facts pertaining to their issuance which rendered them invalid. This knowledge upon the part of her agent was notice to appellant (*Childers v. Billiter,* 144 Ky. 53, 137 S. W. 795; *Sheppard v. Wood,* 78 Ill. App. 428), and precludes her recovery. (35 Cyc. 396; *Dreisbach v. Eckelkamp,* 82 N. J. L. 726, 83 Atl. 175.)   I therefore concur in the affirmance of the judgment.

The fact that appellant in this case purchased with notice of the invalidity of the warrants distinguishes it from *Milner v. Pelham, supra.*