(May 29, 1923.)

J. W. McFALL, Respondent, v. J. E. ARKOOSH, Appellant.

[215 Pac. 978.]

ILLEGAL CONTRACTS—PARTIES IN PARI DELICTO—ACTION—RIGHT TO MAINTAIN—EXCEPTIONS TO RULE—PUBLIC POLICY—NATIONAL FOREST REGULATIONS—JUDICIAL NOTICE—EFFECT OF REGULATIONS.

  1. The general rule, to which there may be exceptions, is that if parties are *in pari delicto* as to an illegal contract, neither can maintain an action against the other to enforce such contract nor to recover money paid pursuant thereto.

Publisher's Note.

  1. Rule that where parties are *in pari delicto* court will aid neither as modified by paramount public interest, see notes in Ann. Cas. 1913D, 772; Ann. Cas. 1917E, 1040.

2. Public policy lies at the basis of the law in regard to illegal contracts, and the rule is adopted, not for the benefit of the parties, but of the public.

3. The courts of this state take judicial notice of the regulations adopted by the Secretary of Agriculture for the government of the national forests.

4. Such regulations have the force and effect of law.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. H. F. Ensign, Judge.

Action for damages. Judgment for plaintiff. *Reversed.*

James & Ryan, for Appellant.

The rules and regulations made by the United States Department of Agriculture or other departments have the force and effect of laws. (*Dastervignes v. United States,* 122 Fed. 30, 58 C. C. A. 346; *Johnson v. Lincoln County,* 50 Mont. 253, 146 Pac. 471; *Peters v. United States,* 2 Okl. 116, 33 Pac. 1031; *Caha v. United States,* 152 U. S. 211, 14 Sup. Ct. 513, 38 L. ed. 415.)

The courts take judicial notice of the rules and regulations of the executive departments of the government promulgated by authority of law, such as the rules and regulations for the control and government of the national forest reserves. (*United States v. Williams,* 6 Mont. 379, 12 Pac. 851; C. S., sec. 7933; 32 Cyc. 1006; 16 Cyc. 903; 15 R. C. L. 1109.)

Bissell & Bird, for Respondent.

The illegality of a transaction will not prevent recovery for fraudulent representations connected therewith if the defrauded party was ignorant of or expressly deceived with respect to the facts which rendered the transaction unlawful. (26 C. J. 1174, and cases there cited.)

DUNN, J.—On or about April 26, 1919, appellant sold to respondent 1,640 head of sheep for $25,000. It is alleged by respondent that for the purpose of inducing him to pur-

chase the sheep at the price mentioned, appellant represented and guaranteed to him that he, appellant, was the owner of a right to graze and pasture 1,750 head of sheep on the Sawtooth National Forest Reserve and that said right was "appurtenant to the ownership of the sheep aforesaid," and that appellant agreed that if respondent would purchase the sheep at the price mentioned appellant would set over and transfer to him such grazing and pasture right "subject only to the five per cent reduction made incident by such transfers by the rules and regulations of the forest reserve." The grazing right in question was estimated by respondent to be of the value of $3.00 per head, and such right not having been transferred to respondent by appellant respondent brought this action to recover $4,920, the total estimated value of the right. Appellant denied the making of any agreement for the transfer of the right in question.

Verdict was rendered in favor of respondent for $1,000, for which judgment was accordingly entered. The appeal is from the judgment.

At the close of the case appellant moved the court to direct the jury to return a verdict in his favor, which the court denied, and this, with other rulings of the court, was assigned as error. We think it will be necessary to examine no other assignments.

At the close of the case it had been conclusively shown that the agreement upon which respondent relied in bringing this action was one forbidden by the regulations governing national forests. (1918 Use Book, p. 113, Reg. G–18.) Both parties were conclusively presumed to know that the federal statutes authorized the Secretary of Agriculture to make regulations governing the grazing of stock on national forests (U. S. Comp. Stats., secs. 823 and 5126), and the courts of this state take judicial notice of such regulations. (C. S., sec. 7923; *Caha v. United States,* 152 U. S. 211, 14 Sup. Ct. 513, 38 L. ed. 415.) Such regulations have the force and effect of law. (*United States v. Grimaud,* 220

U. S. 520, 31 Sup. Ct. 480, 55 L. ed. 569; *United States v. Eliason,* 16 Pet. (U. S.) 291, 10 L. ed. 968.)

The contract, being clearly in violation of the regulations governing national forests, no action could be maintained for its enforcement, and respondent, being *in pari delicto* with appellant, under the rule generally followed by the courts could not maintain an action for money paid pursuant to such an agreement. The law leaves such parties where it finds them. (*Libby v. Pelham,* 30 Ida. 614, 166 Pac. 575; *Lingle v. Snyder,* 160 Fed. 627, 87 C. C. A. 529; 13 C. J., p. 492, sec. 440; 2 Page on Contracts, p. 1920, sec. 1089; 2 Elliott on Contracts, p. 344, sec. 1067.)

However, there may be exceptions to what we hold to be the correct rule in this case, as stated in Ruling Case Law as follows:

"Public policy, it must be borne in mind, lies at the basis of the law in regard to illegal contracts, and the rule is adopted, not for the benefit of parties, but of the public. It is evident, therefore, that cases may arise even under contracts of this character, in which the public interests will be better promoted by granting than by denying relief, and in such the general rule must yield to this policy. Hence, even between parties *in pari delicto,* relief will sometimes be granted if public policy demands it." (6 R. C. L. p. 829, sec. 220.)

For the refusal of the court to grant the motion for a directed verdict, the judgment must be reversed. It is so ordered, and the district court is directed to dismiss the action. Costs awarded to appellant.

McCarthy and William A. Lee, JJ., concur.