F. A. DUNCAN, Appellant, v. IDAHO COUNTY, a Municipal Corporation, Respondent.

[245 Pac. 90.]

STATUTORY CONSTRUCTION — EFFECT OF CHANGES MADE IN CODIFYING STATUTES—LEGISLATIVE INTENTION.

1. Verbal changes made by code revision of a statute, as distinguished from legislative amendment, will not be regarded as altering the law, unless it is clear that such was the legislative intention, and if a statute as revised in the code is ambiguous, reference may be had to the statute as originally enacted for the purpose of ascertaining such intention.

2. Held, that in construing C. S., sec. 3704, reference to Sess. Laws 1891, p. 176, discloses that the legislative intention as originally expressed was to provide that in no case of sale of real estate shall the sheriff receive commissions exceeding $100, or one-half of such maximum when the amount of the sale is credited on the debt and no money transferred.

---

Publisher's Note.
1. See 25 R. C. L. 1065.

See Sheriffs and Constables, 34 Cyc., p. 1581, n. 68.
Statutes, 36 Cyc., p. 1166, n. 93; p. 1168, n. 10, 11.

APPEAL from the District Court of the Tenth Judicial District, for Idaho County. Hon. Miles S. Johnson, Judge.

Action for rebate. Judgment for defendant. *Reversed.*

Cox & Martin, for Appellant.

The portion of the statute reducing the commission to one-half applies only to sales of real estate. Obviously that is because real estate is sold subject to redemption, and the statute is intended to relieve the burden of the mortgaged debtor in cases where presumably the margin of security is small and the debtor will have difficulty in effecting a redemption to save his property. But this reason applies to all classes of debtors alike, and does not apply with any greater force to a debtor who owes $5,000 than to a debtor who owes $10,000. No valid argument can be advanced for the reduction of expenses of sale in behalf of a debtor who owes $5,000 and a refusal to reduce the expenses of sale for a debtor who owes twice as much. (*State v. Crosson,* 33 Ida. 140, 190 Pac. 922.)

Frank E. Fogg, for Respondent, cites no authorities on point decided.

BUDGE, J.—Appellant foreclosed a mortgage upon real estate in the district court of the tenth judicial district, and upon the sale, there being no other purchasers, bid in the property for $23,698.01. The sheriff demanded $100 as his commission for making the sale. This the appellant refused to pay and tendered $50, which sum the sheriff declined to accept. Thereafter appellant under protest paid the sum of $100 and filed with the county commissioners his claim for a rebate of $50. The claim was rejected, whereupon this action was brought to recover that amount.

To the complaint a general demurrer was interposed by the respondent and sustained, whereupon the appellant refused to plead further and thereafter judgment of dismissal was entered. This appeal is from the judgment.

Appellant specifies two assignments of error: that the court erred in sustaining the demurrer, and in entering the judgment of dismissal.

The solution rests upon the interpretation of that portion of C. S., sec. 3704, which follows:

"For commissions for receiving and paving over money on execution or other process, when land or personal property has been levied on and sold, on the first $1,000, 2 per cent; on all sums above that amount 1 per cent; but in no case of sale of real estate shall his commission exceed the sum of $100."

"When the amount of such sale is credited on the debt and no money is transferred then one-half of such commission."

This portion of C. S., sec. 3704, was first enacted in the Sess. Laws of 1891, p. 176, and is identical in language therewith, except that the word "and" is omitted in the re-enactment of the eleventh subdivision as found in the Session Laws, and a new sentence commencing with the word "when" and ending with the word "commission" is formed.

This same provision will also be found in the Sess. Laws of 1899, p. 116, in the Revised Codes, sec. 2122, and in the Sess. Laws of 1911, sec. 197, p. 660. In the latter enactments there are no changes.

C. S., sec. 9445, provides that "the provisions of these Compiled Laws, so far as they are substantially the same as existing statutes, must be construed as a continuation thereof and not as new enactments."

[1] Construing the foregoing section, in the case of *Libby v. Pelham,* 30 Ida. 614, 166 Pac. 575, this court said that changes made by a revision of a statute, as distinguished from legislative enactment, will not be regarded as altering the law, unless it is clear such was the intention, and if the statute as revised is ambiguous, reference may be had to prior statutes.

[2] In construing C. S., sec. 3704, since it is ambiguous or susceptible of two constructions, we are justified in referring to the prior statute in the Sess. Laws of 1891, p.

176, in order to assist us in ascertaining the intention of the legislature.

Appellant's contention is that when no money is paid, and the judgment creditor bids in the property, the commission shall be reduced to one-half. In the case at bar this would amount to fifty dollars.

The respondent's contention is that the clause, ''When the amount of such sale is credited on the debt and no money is transferred then one-half of such commission,'' was intended to reduce the amount of commission to be computed on the percentage basis but was not intended to cut the maximum limit of one hundred dollars to fifty dollars.

The statute reducing the commission to one-half applies only to sales of real estate and had the property been bid in by some person other than the creditor for a like amount and the money deposited, the sheriff's commission would have been $100. It would seem proper to hold, therefore, that since the sheriff's commission could not exceed $100, had the money been paid and the amount not credited on the debt, that, since the amount was credited on the debt, the commission should be one-half of $100 or $50.

In reading that portion of the statute wherein it provides, ''but in no case of sale of real estate shall his commission exceed the sum of $100,'' the word ''commission'' is undoubtedly used with reference to the $100. The language is poorly chosen, but the intention of the legislature unquestionably was to provide that in no case of sale of real estate shall the sheriff receive a sum in excess of $100. In the latter portion of the same provision the word ''commission'' is used again, ''when the amount of such sale is credited on the debt and no money is transferred then one-half of such commission.'' There is no doubt that here the intention of the legislature was that when the amount of the sale is credited on the debt and no money transferred, the sheriff was to receive one-half of the $100.

From what has been said it follows that the trial court erred in sustaining the demurrer. The judgment is reversed with instructions to the trial court to enter judg-

ment in accordance with this opinion. Costs are awarded to appellant.

William A. Lee, C. J., concurs.

GIVENS, J., Concurring Specially.—In the portion of the subdivision of sec. 3704, C. S., pertaining to commissions payable upon sales of real estate under execution, the word "commission" in the second sentence is used in the generic sense, and the commission, if no money is paid is to be half the commission recoverable if money were paid. If money is paid the commission may not exceed $100, and if money is not paid it may not exceed $50.

WM. E. LEE and TAYLOR, JJ., Dissenting.—The provision in question fixes the commission of the sheriff on execution sales of both real and personal property. "One-half of such commission" refers to the rates of two per cent on the first $1,000, and one per cent on the remainder, and does not refer to "$100." "Such commission" is not $100. That figure is the maximum amount that may be charged on a sale of real estate. The construction given by the majority makes the reduction relate to real property alone. The use of the expression, "but in no case," must have reference to a plurality of cases as to real estate. The only plurality is in a case of a cash sale, and a sale when no cash is paid. The maximum of $100 applies to both cases in sales of real estate. In our judgment, the provision requires that, when the amount for which real or personal property is sold is credited on the debt and no money is transferred, the sheriff shall then charge one-half of such commission, to wit, one per cent on the first $1,000 and one-half of one per cent on all sums above that amount; but in no case of the sale of real estate shall he charge more than $100.