Points Decided.

(No. 4743. November 17, 1927.)

HARVEY J. and ALICE M. McINTYRE, Respondents, v.
BUTTERFIELD LIVESTOCK COMPANY, LIMITED,
a Corporation, et al., Appellants.

[261 Pac. 237.]

PUBLIC LANDS—CONTRACT TO CONVEY BEFORE TITLE ACQUIRED VOID IN
TOTO, WHEN NOT SEVERABLE—CANCELATION—ESTOPPEL.

1. Contract under which grantors sold land for which final certificate had issued, and agreed to sell land on which allowance of additional homestead application had been made, *held* within inhibition of Rev. Stats. U. S., secs. 2290, 2291 (43 U. S. C. A., secs. 162, 164 [U. S. Comp. Stats., secs. 4531, 4532]), and void as constituting option to sell land, entry of which could be made only for benefit of third person.

2. If contract, selling land on which final certificate was issued, and to convey land on which allowance of additional homestead application had been made, was not severable, and was within inhibition of Rev. Stats., U. S., secs. 2290, 2291 (43 U. S. C. A., secs. 162, 164 [U. S. Comp. Stats., secs. 4531, 4532]), it was void *in toto*, and parties could not sue on it, and will be left where they are.

3. Where contract, selling land on which final certificate had been issued for named price, and to convey land on which allowance of additional homestead application had been made, was void within Rev. Stats., U. S., secs. 2290, 2291 (43 U. S. C. A., secs. 162, 164 [U. S. Comp. Stats., secs. 4531, 4532]), as constituting option, vendors could not contend that purchasers secured deed to land sold in contravention of contract considered as entirety, where, in seeking return of land, they must rely on contract as indivisible.

4. Vendors of land could not ask for cancelation of deed, where they did not offer to return money received as consideration.

Publisher's Note.

4. Necessity for return of consideration paid on repudiation of contract to convey land which is absolutely void, see note in Ann. Cas. 1914C, 878. Necessity for placing party *in statu quo* on rescinding contract for sale of land, see note in 30 L. R. A. 66. See, also, 4 R. C. L. 511.

See Cancelation of Instruments, 9 C. J., sec. 93, p. 1207, n. 32.
Contracts, 13 C. J., sec. 440, p. 493, n. 18.
Estoppel, 21 C. J., sec. 205, p. 1202, n. 21.
Public Lands, 32 Cyc., p. 1067, n. 56, p. 1068, n. 62.

APPEAL from the District Court of the Seventh Judicial District, for Washington County.  Hon. B. S. Varian, Judge.

Action for return and cancelation of deed.  Judgment for respondents.  *Reversed and remanded, with instructions.*

Hawley & Hawley, for Appellants.

Contract sued upon is illegal and cannot be enforced. (Rev. Stats., sec. 2290; also pars. 4531, 4532, 4535, U. S. Comp. Stats. 1916, found at vol. 5, pp. 5338, 5343, 5354, 43 U. S. C. A., sec. 162; *Harris v. McCrary,* 17 Ida. 300, 105 Pac. 558; *McFall v. Arkoosh,* 37 Ida. 243, 215 Pac. 978; *Sutphen v. Sutphen,* 30 Kan. 510, 2 Pac. 100; *In re Cohn,* 171 Fed. 568; *Frink v. Hoke,* 35 Or. 17, 56 Pac. 1093; *Libby v. Pelham,* 30 Ida. 614, 166 Pac. 575; 13 C. J., pp. 411, 492.)

If it be conceded that the contract is not illegal in its entirety, it certainly is illegal in part, and the illegal part must be severed from the legal part.  (6 R. C. L. 858; 13 C. J. 563; 4 Page on Contracts, 2d ed., p. 3611, also, pp. 3618, 3619; 2 Elliott on Contracts, pars. 1543–1546, found on pp. 828, 832; *Choctaw, O. & G. R. R. Co. v. Bond,* 160 Fed. 403, 87 C. C. A. 355; *In re Johnson,* 224 Fed. 180; *Central N. Y. T. & T. Co. v. Averill,* 199 N. Y. 128, 139 Am. St. 878, 92 N. E. 206, 32 L. R. A., N. S., 494.)

Defendant had only an option on the additional homestead. (*Berding v. Northwestern Securities Co.,* 36 Ida. 384, 211 Pac. 62.)

Oral testimony cannot be introduced to vary the terms of the written instrument.  (*Gardiner v. Gardiner,* 36 Ida. 664, 214 Pac. 219; *Davis v. Idaho Minerals Co.,* 40 Ida. 64, 231 Pac. 712; *Milner v. Earl Fruit Co.,* 40 Ida. 339, 232 Pac. 581; *Craven v. Bos,* 38 Ida. 722, 225 Pac. 136; *International etc. Co. v. Beverland,* 37 Ida. 782, 219 Pac. 201.)

The Portland Trust Company was an innocent encumbrancer for value and should have been protected.  (*Keith v. First Nat. Bank,* 36 N. D. 315, 162 N. W. 691, L. R. A. 1917E, 901; 4 Thompson, Real Property, pars. 39–54; *Bailey*

v. Crim, 9 Biss. 95, Fed. Cas. No. 734; Moore v. Trott, 156 Cal. 353, 134 Am. St. 131, 104 Pac. 578; Guthrie v. Field, 85 Kan. 58, 116 Pac. 217, 37 L. R. A., N. S., 326; Simson v. Bank of Commerce, 43 Hun (N. Y.), 156, 6 N. Y. St. Rep. 176; Blight v. Schenck, 10 Pa. 285, 51 Am. Dec. 478.)

Ed. R. Coulter for Respondents.

The contract is not a severable contract; contract is not void. (U. S. Rev. Stats., secs. 2290, 2291, pp. 5338, 5343; United States v. George, 228 U. S. 14, 33 Sup. Ct. 412, 57 L. ed. 712.)

The delivery of the deed being wrongful and without authority under the contract or otherwise, respondents are entitled to have deed canceled. (Bowers v. Cottrell, 15 Ida. 221, 96 Pac. 936; 2 Page on Contracts, sec. 1192; King v. Upper, 57 Wash. 130, 106 Pac. 612, 31 L. R. A., N. S., 606; Ambler v. Jones, 102 Neb. 40, 165 N. W. 886.)

The deed having been wrongfully delivered, appellant Portland Trust Company acquired no lien on said lands under its trust deed. (10 R. C. L. 637; 16 Cyc. 579; 21 C. J. 883; 3 Williston on Contracts, p. 424, sec. 212; Wood v. French, 39 Okl. 685, 136 Pac. 734; Sharp v. Kilborn, 64 Or. 371, 130 Pac. 735.)

GIVENS, J.—July 25, 1919, respondents and appellants entered into an agreement, the main portion essential to an understanding and determination of the case being as follows:

"That the parties of the first part for and in consideration of the sum of $500.00 paid on this date by the party of the second part, receipt whereof is hereby acknowledged, as a part payment of the purchase price of the premises first hereinafter described and in consideration of the premises, do hereby sell to the party of the second part the S½ of Section Nine, Township Twelve, North of Range Seven West of the Boise Meridian, upon which final certificate has been issued for the sum of Twenty-one Hundred ($2,100.00) Dollars; and do hereby contract to sell to the party of the

second part the NE¼ of Section Seventeen and the SE¼ of Section Eight, Township Twelve, North, Range Seven West of Boise Meridian, upon which an allowance of additional homestead application has been made for the sum of Two Thousand ($2,000.00) Dollars, making a total purchase price of Forty-one Hundred ($4,100.00) Dollars.

"It is further understood and agreed:

"That the balance due upon the purchase price of the first of the above-described lands included in the original homestead, that is, the sum of $1,600.00 shall be paid on or before the 20th day of June, 1920, with accrued annual interest at 8% from January 1st, 1920.

"That payment of the purchase price for the land included in said additional homestead entry, that is, the sum of $2000.00, shall be met on or before the 20th day of June, 1922, with accrued interest to date of payment at the rate of 6% per annum, interest payable annually; provided, however, that in the event the parties of the first part shall not receive patent to said premises on or before said date, then the part of the contract relating to the purchase of these said premises shall be null and void."

[1] Thereafter the appellants entered into the possession of the premises, paid the $1,600 balance upon the original homestead, and without the knowledge of respondents caused the First National Bank of Weiser, the escrow-holder, to deliver to it the separate deed therefor and refused to pay anything further. After an unavailing demand for the return of the deed, suit was instituted by respondents to have the deed canceled and their title quieted. Respondents did not offer to return the money paid by appellants.

Appellants contend that the entire contract was void by reason of U. S. Rev. Stats., secs. 2290 and 2291, vol. 5, U. S. Comp. Stats. Ann. (West, 1916), secs. 4531 and 4532, vol. 8, Fed. Stats. Ann., 2d ed., secs. 2290 and 2291, 43 U. S. C. A., secs. 162, 164. Both parties admit that the contract constituted only an option.

Respondents, in support of the proposition that the contract was not void, cite only *United States v. George*, 228 U. S.

14, 33 Sup. Ct. 412, 57 L. ed. 712. That case, however, merely held that a department could not make regulations, in effect, contrary to and enlarging the statutory requirements for making proof in connection with the entry and acquisition of public lands, thereby rendering one not complying with such regulations guilty of a crime. The inhibition herein important is contained in the statute itself and therefore the cited case does not support respondent's position.

[2] Appellants contend that the contract is severable while respondents urge that it is not. If severable and the portion providing for the sale of the original homestead was valid, the appellants having paid the entire purchase price for the land for which they now have the deed, the severable portion has, in effect, been completely fulfilled by both parties and the respondent is entitled to no relief in connection therewith. If the respondent contends that he would not have sold the original homestead unless appellants had contracted to buy both, he then perforce relies on the contract as a whole and not on the severable portion. On the other hand, if the contract is not severable and is to be considered as an entirety, it is void *in toto*. (*Harris v. McCrary*, 17 Ida. 300, 105 Pac. 558), and the parties will be left where they are. (13 C. J., p. 492, sec. 440; *McFall v. Arkoosh*, 37 Ida. 243, 215 Pac. 978.)

[3, 4] Respondents may not contend that the appellants secured the deed in contravention of the contract considered as an entirety, and thus were acting outside the contract, because, in seeking its return, they must rely on the terms of the contract considered as indivisible, or at least their interpretation of it, to the effect that no deeds were to be delivered until the full purchase price was paid for both, which positions are inconsistent, and furthermore, not having offered to return the money they have received, they may not ask for a cancelation and return of the deed. (*Tarr v. Western Loan & Savings Co.*, 15 Ida. 741, 99 Pac. 1049, 21 L. R. A., N. S., 707; 9 C. J., p. 1207, sec. 93.) No affirmative relief was sought by appellants. Respondents sought relief only as to the original homestead.

The case is therefore reversed and remanded, with instructions to dismiss respondents' complaint. This conclusion renders it unnecessary to pass upon the questions of evidence raised by appellants, or the rights of the Portland Trust Company. Costs awarded to appellants.

Budge, Taylor and T. Bailey Lee, JJ., concur.