JOHN H. ROSS, Respondent, *v.* EDWIN TERRY, Appellant.

As a general rule, there is implied from the sale of a bond or other security a warranty on the part of the vendor that it is a valid and subsisting security for the amount expressed.

Defendant sold and assigned to plaintiff a bond and mortgage which were usurious and void. Defendant was personally concerned in the making of them and in the unlawful acts which vitiated them. *Held*, that there was an implied warranty on the part of defendant of the validity of the bond and mortgage, for the breach of which he was liable.

Defendant executed a warranty of the validity of the mortgage. *Held*, that as the bond was the principal debt upon which the mortgage was dependent, if the bond was invalid it invalidated the mortgage also; and therefore that the warranty was, in effect, that the bond as well as the mortgage was valid.

(Argued September 30, 1875; decided October 8, 1875.)

THE complaint in this action alleged, in substance, that defendant sold and assigned to plaintiff a bond and mortgage

executed by Adelia S. Robbins to defendant, apparently good and valid securities, executing and delivering at the same time an instrument termed a certificate, which, among other things, contained a warranty that the mortgage was a valid and subsisting lien upon the premises, and that there were no defences, legal or equitable, thereto. That plaintiff, believing the statement and relying mainly upon defendant's good faith and the responsibility of said Robbins, made the purchase. That the mortgaged premises were sold on foreclosure of a prior mortgage, leaving a deficiency. That plaintiff brought an action on the bond, in which the obligor interposed the defence of usury, of which defendant was notified, which action resulted in a judgment for the obligor, establishing that the bond was usurious and void. That when defendant so sold and assigned he knew that the bond and mortgage were usurious and void, but concealed this fact, and falsely represented them to be good and valid, and that plaintiff purchased relying upon such representations and knowing nothing to the contrary. Plaintiff asked judgment for the amount paid on the purchase and the costs in the suit against the obligor.

Upon the trial defendant's counsel moved to dismiss the complaint, upon the ground that the complaint did not allege, and it was not proved, that the representations of defendant were made with fraudulent intent. The motion was denied. *Held*, no error; that the cause of action was not necessarily *ex delicto* because of the averments of false representations; that they were not the controlling facts, but the gravamen of the action was *ex contractu*. (*Connaughty* v. *Nichols*, 42 N. Y., 83; *Ledwich* v. *McKim*, 53 N. Y., 308; *Graves* v. *Waite*, 59 N. Y., 156.) The case of *Barnes* v. *Quigley* (id., 265) distinguished.

Also, *held*, that it was not necessary for the plaintiff to rely on the certificate or written warranty, as there was an implied warranty of the validity of the securities, but that said certificate was a warranty, as well of the validity of the bond as the mortgage, although the latter was only mentioned therein, as the bond was the principal debt upon which the mortgage was dependent, and the latter could not have a separate

existence severed from the former. ( *White* v. *De Villiers,* 1 J. Cases, 175.)

There was no express finding by the court of damages, as such, by specific amount, but there was a finding of the amount paid to defendant for the instruments and for the costs of the suits against the obligor, with some other expenses and disbursements, with the dates of the payments and the interest thereon, and a conclusion of law that plaintiff was entitled to judgment for the gross amount. *Held* that the findings were sufficient.

Also, *held,* that the action being upon a warranty it was not necessary before bringing suit to have made an offer to reassign and return the bond and mortgage (*Park* v. *Tool Co.,* 54 N. Y., 586), and this although there might be a value in their ownership in consequence of the covenant of a subsequent grantee of the mortgagor to pay them, to which defendant would be entitled, on paying the judgment ; that this fact and that there was no prior offer to reassign, did not make an affirmative defence, or offset plaintiff's cause of action, as the bond and mortgage, which defendant agreed were valid obligations, were worthless as against the maker.

Upon the trial the plaintiff offered evidence, which was received under objection, that he relied upon the personal responsibility of the obligor in making the purchase. *Held,* competent, as it went to show that nothing took place between the parties to relieve defendant from the implication of a warranty of validity as there was in *Bell* v. *Dagg* (60 N. Y., 628).

*W. H. McDougall* for the appellant.

*N. A. Halbert* for the respondent.

FOLGER, J., reads for affirmance.
All concur.
Judgment affirmed.