ADOLPH V. TIEDEMANN, Respondent, v. WILLIAM G. ACKERMAN, Appellant.

*Usurious mortgage — when a guaranty of the mortgage is void — when the guarantor is not estopped from setting up the defense of usury.*

One Hoyt, desiring to raise money, gave his bond and mortgage for $5,000, to defendant who at Hoyt's request executed an assignment of the same, and guaranteed the payment thereof. Plaintiff subsequently purchased the same from an agent of Hoyt's for $4,000, out of which Hoyt paid the agent $250 for his services. There was no consideration for the mortgage given to Hoyt by the defendant, though plaintiff had no knowledge of that fact.

In an action upon the defendant's guaranty; *held,* that the bond and mortgage were usurious and void.

*Held,* further, that defendant's guaranty of the payment thereof did not estop him from setting up its invalidity.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought against the defendant upon a guaranty of a bond which, with the mortgage collateral thereto, was assigned by him to the plaintiff. The guaranty was as follows: " For and in consideration of the sum of one dollar, and other consideration, to me paid by A. V. Tiedemann, I hereby guaranty the payment of the foregoing bond, and the interest due and to become due thereon." The defense was usury.

*Ulman, Remington & Porter,* for the respondent.

*R. W. Van Pelt,* for the appellant.

POTTER, J. :

The referee found as facts that one Anson B. Hoyt gave to defendant his bond and mortgage for $5,000 ; that the bond and mortgage did not represent any indebtedness or actual consideration between the defendant and Hoyt ; that they were assigned by defendant, and afterwards guaranteed by him at the request of Hoyt, and to enable him to borrow money ; that these securi-

ties were negotiated, through an agent, with plaintiff for the sum of $4,000 ; that Hoyt paid the agent out of the $4,000 paid by plaintiff the sum of $250, for his services; that the plaintiff did not know that the bond and mortgage were without consideration, and the defendant did not know that they were to be sold at a discount.    Upon these facts the referee reported that plaintiff was entitled to recover of defendant the sum actually paid by plaintiff, $4,000, together with interest, and judgment was entered accordingly.    We think the referee erred and judgment should have been given for the defendant.    The bond and mortgage had no inception and did not represent a real transaction, until negotiated to the plaintiff.    The statute makes such transactions usurious and void, however nearly the securities are made to resemble and use the language of real transactions.    The papers must have, previously to their negotiation with the plaintiff, formed a factor in a real transaction between the parties to the papers.    Such papers, while they have the form, lack the substance of real things, and have no legal existence.    Having no legal existence, they cannot be the subject of sale and purchase, and cannot amount to anything more than security for a loan of money, and are void on account of usury.    (*Clark* v. *Sisson*, 22 N. Y., 312; *Payne* v. *Burnham*, 62 id., 69.)    But the referee, while conceding that the transaction was essentially usurious, held that the defendant was estopped by the language of the guarantee from asserting usury as a defense.

In this we think he was in error.    There is no representation in the guarantee that the bond was valid, or free from usury or set-off, or any defense, either legal or equitable, or of any fact whatsoever.    It was a simple guarantee of payment of the bond. (*Ross* v. *Terry*, 63 N. Y., 613; 62 id., 69, *supra*.)    The bond was but a promise to pay this $5,000.    In brief, the guarantee was but the defendant's promise to pay the sum of money which Hoyt had promised by his bond to pay defendant.    The first promise was void for usury, and the second is not different or better than the first, nor would the hundredth be if he had made it.    As there was no representation of any fact, there can be no estoppel.

Judgment reversed and a new trial granted, costs to abide the event, and the order of reference vacated.

Daniels, J., concurred.

Present—Ingalls, P. J. ; Daniels and Potter, JJ.

Judgment reversed and new trial granted, costs to abide event.