[No. 8,398.  Department Two.—January 16, 1885.]

STEPHEN CAMPODONICO, RESPONDENT, v. U. GROS-SINI ET. AL.  A. SPINETTI, APPELLANT.

CANCELLATION—NON-NEGOTIABLE NOTE—PARTIES DEFENDANT—IMTERMEDIATE INDORSER—COSTS.—In an action brought to procure the cancellation of a non-negotiable note, on the ground of fraud, after an assignment to a *mala fide* purchaser, an intermediate indorser is neither a proper nor necessary party, and judgment for costs should not be rendered against him. The holder of the note at the time of the commencement of the action is the only necessary defendant.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

On July 19, 1880, the defendants Grossini and Tiscornia, being copartners, in consideration of the sum of $3,050, admitted plaintiff as a member of the firm.  Of such consideration the sum of $631.33 was paid in money, and a memorandum due bill given for the balance.  Prior to the commencement of this action, Grossini and Tiscornia assigned such due bill to the defendant Spinetti, who assigned it to the defendant Childs. Soon after entering the partnership, the plaintiff discovered that the representations made to him by his copartners, as to their financial condition, were false and fraudulent.  He thereupon brought the present action to dissolve the partnership, procure a cancellation of the due bill, and for other relief.  Judgment was rendered in his favor, and costs awarded against Spinetti

and the other defendants.   Spinetti appealed from the judgment, and from an order denying him a new trial.

*John M. Burnett,* and *Davis Louderback,* for Appellant.

The defendant Spinetti was neither a proper nor necessary party, as no relief was asked or granted against him. (*Kerr* v. *Watts,* 6 Wheat. 50; *Whitaker* v. *De Graffenreid,* 6 Ala. 303; *Johnson* v. *Rankin,* 3 Bibb, 86; *McConnell* v. *McConnell,* 11 Vt. 290; *Petch* v. *Dalton,* 8 Price, 12; *Wright* v. *Santa Clara Min. Co.,* 12 Md. 443; Story's Eq. Pl., 7th ed. §§ 231, 233; *Trecothick* v. *Austin,* 4 Mason, 42; *Snow* v. *Snow,* 3 Madd. 10; *Le Tixier* v. *Margravine, of* Anspach, 15 Ves. 164; *Griffin* v. *Archer,* 2 Anst. Rep. 478.)   As no judgment was rendered against him, there was no authority or power to make him pay costs.   Under the code system, costs are simply an incident of a judgment. (*Lawrence* v. *Martin,* 22 Cal. 178; *Bailey* v. *Taaffe,* 29 Cal. 424.)

*Tilden & Tilden,* for Respondent.

This being an equitable action, the matter of costs rests in the discretion of the trial court.   (Code Civil Proc., § 1025.)

THORNTON, J.—The note assigned by the defendants Grossini and Tiscornia to Spinetti was affected by fraud, and was very properly ordered to be cancelled.   But as it was not negotiable without offset, and Spinetti had assigned it before action brought, we cannot see that he was either a proper or necessary party to this suit.   If the note had been negotiable, and Spinetti had assigned it to an innocent purchaser, the case would have been different, and it would then have been proper to have made him a party.   Again, no judgment for money was asked for against Spinetti or his assignee, Childs—nor would any such judgment be proper.   As to the note, the plaintiff only asked that it be cancelled.   This he procured.   It was only necessary for this purpose to have Childs, the holder of the note when the action was begun, before the court.

The judgment must be reversed as to Spinetti, and the cause remanded, that it may be modified in accordance with what is here said.

As Spinetti only appeals, the judgment will in other respects remain unaffected.

Ordered as above.

MYRICK, J., and SHARPSTEIN, J., concurred.