(59 Misc. Rep. 76.)

### WRIGHT v. DAY et al.

(Supreme Court, Special Term, New York County. April, 1908.)

1. CANCELLATION OF INSTRUMENTS—ACTION—PARTIES.

　　In an action to set aside a deed, a person who aided in its fraudulent procurement is not a proper party defendant.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Cancellation of Instruments, § 60.]

2. SAME.

　　In an action to set aside a bond and mortgage as procured by fraud, the mortgagee, who thereafter assigned the mortgage to a third party, who assigned it to defendant, is not a necessary party.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Cancellation of Instruments, § 62.]

3. MORTGAGES—ASSIGNMENT—WARRANTIES.

　　The implied warranty to the first assignee of a mortgage by the mortgagee does not apply to a second assignee.

4. CANCELLATION OF INSTRUMENTS—PARTIES.

　　Where plaintiff sued to have a bond and mortgage adjudged void for fraud, and recovered judgment, such judgment is res judicata as to defendant therein, and he is not a necessary party to a second action for the same purpose against his assignee.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 8,. Cancellation of Instruments, § 62.]

Action by Katherine K. Wright against Charles J. Day and others. On demurrer to complaint for defect of parties defendant. Overruled.

Bailey & Sullivan, for plaintiff.

Richard B. Kelly, for defendants.

BISCHOFF, J. The action is to rescind and cancel a certain bond and mortgage upon real property, executed by the plaintiff to one James Larkin, and alleged to have been procured by the fraud of James Mendels, acting as Larkin's agent. The complaint alleges that the bond and mortgage were assigned by Larkin to Edward H. M. Roehr, and by the latter to Charles J. Day, who holds them as collateral security for a loan made to Roehr by the Oriental Bank, and that in an action by the plaintiff against Roehr in this court the same bond and mortgage were adjudged to be null and void. Only Day and the Oriental Bank have been made parties to the present action, and these defendants demur upon the ground of a defect of parties, in that Mendels, Larkin, and Roehr have not been joined with them.

That one who merely aids in the fraudulent procurement of a deed to a third person is neither a necessary nor a proper party to an action to set the deed aside was decided in Seiferd v. Mulligan, 36 App. Div. 33, 55 N. Y. Supp. 140. Larkin may be answerable to Roehr upon his implied warranty of the bond and mortgage (Ross v. Terry, 63 N. Y. 613); but, having parted with all his interest therein to Roehr, he is not a necessary party. It may be desirable to the demurring defendants that he be joined, to the end that the judgment sought shall be conclusive upon him; but, as between the plaintiff, Roehr, and the present defendants, Larkin's presence is not essential. Pom. Code Rem. (3d Ed.) § 418; Whitney v. M'Kinney, 7 Johns. Ch. 144; Top-

111 N.Y.S.—70

ping v. Van Pelt, Hoff. Ch. 545. He cannot be said to be connected with the subject-matter of this action. It is open to the defendants to ask to have Larkin brought in as a party if they so desire; but that without him the court cannot determine the relative rights of the plaintiff and the present defendants with regard to the bond and mortgage is an untenable position. The present parties and Roehr are the only parties interested in the matter with regard to which the court is asked to pronounce judgment. Larkin's warranty to Roehr does not inure to the benefit of the defendants Day and the Oriental Bank; and, with no demand for judgment against him personally, it may be questioned whether he would be a proper party defendant.

As between the plaintiff and Roehr, the judgment against the latter, alluded to in the complaint, estops him from claiming any further rights under the bond and mortgage. He does not, therefore, appear to be either a necessary or even a proper party to the present action. If joined, the former judgment would be available to him as a plea in bar to this action; and neither he nor the plaintiff can, as between themselves, be compelled to relitigate the matter thus solemnly concluded. Roehr's presence as a party is not essential to any right of the defendants Day and the Oriental Bank. Notice to him of the pendency of this action and a request by the defendants that he assume the defense in their protection will conclude him by any judgment affecting the validity of the bond and mortgage. Washington Gaslight Co. v. District of Columbia, 161 U. S. 316, 16 Sup. Ct. 564, 40 L. Ed. 712; Carleton v. Lombard, Ayres & Co., 149 N. Y. 137, 151, 43 N. E. 422.

The demurrer is overruled, with costs, with leave to the defendants to plead over upon the payment of costs within 20 days.

Demurrer overruled, with costs, with leave to defendants to plead over upon payment of costs within 20 days.