OSCAR DREISBACH, DEFENDANT IN ERROR, v. MARY ECKELKAMP, EXECUTRIX, PLAINTIFF IN ERROR.

Submitted December 11, 1911—Decided March 15, 1912.

1. Where a case is tried by the judge, a jury being waived, and his finding on the facts is excepted to, the exception will not be sustained if there was evidence supporting the finding.
2. The rule that upon the sale of personal property the vendor impliedly warrants the title and that the subject of the sale is unencumbered does not apply where the vendee is aware of the encumbrance and it appears from the circumstances of the transaction that neither of the parties contemplated the conveyance of an unencumbered title.

On error to the Hudson County Circuit Court.

For the plaintiff in error, *Charles L. Carrick.*

For the defendant in error, *John J. Fallon.*

The opinion of the court was delivered by

TREACY, J. This was a case tried by the court without a jury, the jury having been dismissed by consent. Plaintiff below brought suit for the purchase price of an orchestrion which he claimed to have sold to one Bewig, of whose estate defendant below is the executrix. The errors assigned are— *first,* that the lower court refused to nonsuit at the close of plaintiff's case upon the ground that there was no evidence from which a conclusion could be drawn as a matter of fact that there was a sale of the orchestrion, and also refused to enter judgment at the close of the case for the defendant on the same ground, and *second,* that the court refused to nonsuit upon the ground that the orchestrion was sold under an implied warranty of title which was broken by the failure to remove a chattel mortgage, which was then an encumbrance upon it, and refused to enter judgment for defendant for the same reason.

There was evidence in the case upon which a jury might have found that a sale of the orchestrion to Bewig had taken place. The court therefore was justified in so finding.

The orchestrion was taken from Dreisbach's saloon by Bewig, and while Dreisbach himself was not permitted to testify as to the transaction, because of Bewig's death, another witness testified to a conversation between Dreisbach and Bewig in which the former demanded the price of the orchestrion, stating that he was about to go to Germany, and the latter said he could only pay part of the price then, and suggested that the balance be allowed to stand until Dreisbach returned. This suggestion being refused Bewig said that he would try to have the whole amount for Dreisbach before he sailed. There being evidence therefore upon which the court could find that there was a sale of the orchestrion to Bewig, a finding to that effect will not be disturbed.

The rule that the existence of an outstanding encumbrance is a breach of the warranty of title which is implied upon a sale of chattels does not apply, because the evidence shows that Bewig knew at the time of the sale of the orchestrion that there was a chattel mortgage upon it.

Bewig was the collector for the brewery which held the mortgage. In a conversation with Dreisbach, which was testified to, he told him that if he (Bewig) couldn't pay him the entire purchase-money he would have an allowance made on the brewery mortgage, and this was agreed to by Dreisbach.

The court found that neither of the parties contemplated the passing of an unencumbered title to the orchestrion.

The judgment of the court below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 16.

*For reversal*—None.