[No. 15642.  Department One.  March 12, 1920.]

WESTERN LUMBER EXCHANGE, *Respondent*, v.
A. W. JOHNSON, *as Motor Truck &
Tractor Company, Appellant*.[1]

SALES (182)—CONDITIONAL SALES—REMEDIES OF SELLER—ISSUES AND PROOF.  In an action to recover property conditionally sold, upon an issue as to the amount due, the construction of a hauling contract and the state of the account thereon is properly excluded where it involved the rights and interests of an additional party on each side of that contract other than the parties to the suit.

SALES (179-1)—CONDITIONAL SALES—ASSIGNMENT—EFFECT.  Where a conditional sales contract provided that the vendor could assign the contract, his assignee for value becomes entitled to all his rights, notwithstanding the assignee had guaranteed the payments and the contract was for security only.

TENDER (5, 10-1)—INSUFFICIENT TENDER—EFFECT.  An offer or tender of a conditional sales vendee to pay less than the installments due is unavailing as a defense to an action by the vendor to recover possession of the property.

Appeal from a judgment of the superior court for Spokane county, Hurn, J., entered June 10, 1919, upon findings in favor of the plaintiff, in an action of claim and delivery, tried to the court.  Affirmed.

*John Pattison,* for appellant.
*Peacock & Ludden,* for respondent.

[1]Reported in 188 Pac. 388.

MITCHELL, J.—Plaintiff sued in the statutory action of claim and delivery.

The facts in this case are substantially as follows: On June 20, 1918, defendant purchased from one H. W. English two "Columbia" trucks under a conditional sale contract for $4,500, upon which a cash payment of $2,000 was made, and the balance was to be paid at the rate of $416.66 each month, commencing July 20, 1918. Title to the trucks by the terms of the contract was to remain in the vendor or his assigns until all payments should be made; and in case of default in the payments of the several amounts when due, the vendor or his assigns would be entitled to take possession of the property without notice. Time was expressly made of the essence of the contract. It further appears that the contract was duly assigned by the vendor to this plaintiff, and by it assigned to one C. W. Winter, bearing a guarantee of payment on the part of plaintiff. Defendant failed to make any of the deferred monthly payments provided for in the contract, and plaintiff was compelled to and did pay the same; whereupon the conditional sale contract was duly assigned and delivered to plaintiff by said Winter. The evidence further shows that, previous to the commencement of the action, plaintiff demanded of defendant that he make the deferred payments called for by the contract; and upon refusal, demanded possession of the trucks, which demand was also refused. The complaint is in the usual form. The answer consists of general denials. There was judgment for plaintiff and defendant has appealed.

The first assignment is that the trial court erred in refusing to consider and give credit for payments earned under a certain contract for hauling lumber. It appears that, prior to the making of the conditional

sale contract, respondent and another party, as parties of the first part, entered into a written contract with appellant and one C. T. Jurgens, as parties of the second part, whereby the second parties were to and did haul lumber for the parties of the first part to that contract. It was the contention of appellant that a certain portion of the earnings under the contract for hauling should have been applied by respondent upon the payment of the balance due by appellant on the deferred payments of the particular trucks involved in this action. Although appellant testified that his partner Jurgens had received in money more than they were entitled to under the terms of the hauling contract, nevertheless he insisted on the right to show that a part of it should have been credited on his separate account for these particular trucks. Under the pleadings, the contention is without merit and the ruling of the trial court was right. The construction of the contract for hauling and the state of the account between the parties thereto involved rights and interests of an additional party on each side of that contract other than those who were parties to this suit.

It is next contended the court erred in rendering judgment for respondent, as the testimony showed the conditional sale contract was taken as security only. The conditional sale contract reserved the title in the vendor; and the fact that respondent guaranteed the payments neither added to nor detracted from the rights and obligations of appellant under the contract. By the terms of the contract the vendee [appellant] agreed that the vendor had the right to assign the contract; and when the vendor, for a valuable consideration, assigned his rights under the contract, that assignee became entitled to all the rights of the former owner. That is according to the terms of the contract,

and the only defense here, as already noticed, is one of general denials.

The only other assignment of error is based on the refusal of the trial court to consider an offer or tender made by appellant to pay the balance due on the trucks before suit was commenced. This contention rests upon a purported offer to pay the last two or three monthly installments provided for in the contract, claiming that only that amount was the balance due, upon the theory that he was entitled to a certain specified amount under the contract for the hauling of lumber, to be applied on the purchase price of the trucks. Having seen he was not entitled to any such credit, the offer or tender, being in an amount less than the whole amount due, was unavailing and immaterial.

Judgment affirmed.

HOLCOMB, C. J., PARKER, TOLMAN, and MAIN, JJ., concur.