[Civ. No. 3163. Second Appellate District, Division Two.—April 14, 1920.]

AMERICAN BOND & MORTGAGE COMPANY (a Corporation), Respondent, v. L. LINDSAY, Appellant.

[1] CORPORATIONS—ACTION TO CANCEL VOID ISSUE OF STOCK—PLEADING—PARTIES—TRANSFEREE WITH NOTICE.—In an action by a corporation to cancel an issue of certain shares of its treasury stock which had been issued in direct contravention of a permit that had been granted by the commissioner of corporations, an individual to whom a part of such stock was issued is neither a necessary nor a proper party defendant where, prior to the commencement of such action, such stock was transferred to another who took with full knowledge of all the facts affecting the validity of its issue; and a motion for a nonsuit as to him should be granted.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Wellborn, Judge. Reversed.

The facts are stated in the opinion of the court.

A. L. Abrahams for Appellant.

Clark & Pierson and Dennis & Loewenthal for Respondent.

FINLAYSON, P. J.—This is an action by a California corporation to cancel an issue of certain of its shares of treasury stock—shares that it had issued to the four defendants, Lindsay, Corbaley, Maescher, and McKinney, in exchange for certain shares that they owned of the capital stock of the State Investment Company. The theory of

the complaint is that the issue of plaintiff's stock in exchange for stock of the State Investment Company was in direct contravention of a permit that had been granted by the commissioner of corporations, and that, therefore, under the provisions of the Investment Companies Act, commonly known as the blue sky law (Stats. 1913, p. 715), the issue was a nullity. The appeal is by the defendant Lindsay.

The case, as presented by the complaint and found by the court, is substantially as follows: At a time when plaintiff's board of directors was dominated and controlled by one Pearson, the latter, for his own illegal profit and gain, caused 57,226 shares of plaintiff's treasury stock to be issued to the four above-named defendants in exchange for 71,532 shares of the capital stock of the State Investment Company that theretofore had been issued to and were then owned by these four defendants. Of the 57,226 shares of plaintiff's treasury stock so issued, 19,944 were issued to defendant Lindsay. Previous to the issue of the 57,226 shares, and pursuant to the act commonly known as the blue sky law, plaintiff, whose capital stock was divided into two million shares of the par value of one dollar each, had made application to the commissioner of corporations for authority to sell its corporate stock. A temporary permit was issued by that officer whereby plaintiff was authorized to issue not exceeding one million of its shares "in exchange for property, the fair and reasonable net market value of which . . . shall . . . equal or exceed 110 per cent of the par value of the shares issued therefor." It is alleged in the complaint and found by the court, in substance and effect, that the value of the State Investment Company's shares that the four defendants transferred to plaintiff in exchange for its 57,226 shares of treasury stock, did not exceed sixty-three per cent of the par value of plaintiff's capital stock. Wherefore plaintiff, which, since the exchange, has come under the control of a board of directors by whom the whole transaction has been repudiated, seeks to rescind the exchange and to cancel the issue of its treasury stock as a void issue under the blue sky law, section 5 of which reads: "It shall be unlawful to issue any security to which this act is applicable unless a certificate or a temporary permit authorizing the issue thereof shall first have been received from the commissioner of corporations as provided in this act."

[1] The complaint alleges and the court finds that, before the action was commenced, the 19,944 shares of plaintiff's treasury stock that it had issued to Lindsay in exchange for shares of the State Investment Company had been transferred by Lindsay to John R. Gardiner, who, though made a party defendant, was not served with summons and did not appear in the action. It further is found by the court that, at all times since the transfer to Gardiner, the 19,944 shares have stood in his name on plaintiff's books. The complaint also alleges that Gardiner acquired the stock from Lindsay with full knowledge of all the facts affecting the validity of its issue. Plaintiff's evidence showed, without conflict, that, when the action was commenced, Lindsay had no interest whatever in the stock, he having theretofore transferred all his interest therein to Gardiner, as we have stated. For this reason Lindsay moved for a nonsuit. The motion was denied.

After finding the facts substantially as we have stated them, judgment was entered against the four defendants Lindsay, Corbaley, Maescher, and McKinney, whereby the court, in substance, decreed: (1) That the issue of the shares of plaintiff's treasury stock, which, of course, included the 19,944 that had been issued to Lindsay and by him transferred to Gardiner, was and is void; (2) that plaintiff cancel said issue on its records; (3) that defendant Lindsay, as well as his codefendants Corbaley, Maescher, and McKinney, deliver to plaintiff the certificate or certificates evidencing the issuance of the 57,226 shares—and this notwithstanding Lindsay had transferred his shares to Gardiner, in whose name the stock then stood of record on plaintiff's books; and (4) that plaintiff recover its costs. From that judgment Lindsay has taken this appeal.

The appeal presents a number of interesting questions arising under the blue sky law, which, however, it will not be necessary to consider, since appellant was neither a necessary nor a proper party defendant, and for that reason alone the court should have adjudged that plaintiff take nothing as against Lindsay and that he recover of plaintiff his costs.

The stock certificate that evidenced the issue of the 19,944 shares to Lindsay was not a negotiable instrument; and, moreover, Gardiner, according to plaintiff's complaint, took the shares, as the transferee of Lindsay, with full knowl-

edge of all the facts affecting the validity of the issue. Gardiner, therefore, cannot possibly have any cause of action against Lindsay for damages, or for reimbursement, based on the fact, if it be a fact, that Lindsay never acquired title to the stock. Gardiner's knowledge of the facts precludes any possible claim that his vendor, Lindsay, impliedly warranted the title. (35 Cyc. 386; *Dreisbach* v. *Eckelkamp*, 82 N. J. L. 726, [83 Atl. 175]; *Libby* v. *Pelham*, 30 Idaho, 614, [166 Pac. 575], concurring opinion of Justice Morgan.) Appellant's presence, therefore, as a party defendant, was not necessary to a determination of any controversy there might be between Gardiner and himself. There was no basis for any controversy between them.

So far as the relief sought by plaintiff is concerned, appellant was neither a necessary nor a proper party defendant. Plaintiff asked that the issue of the stock be canceled. For that purpose (in so far as the shares issued to Lindsay are concerned) it was necessary to have Gardiner only before the court. Plaintiff and Gardiner are the only parties interested in those shares. Appellant had no possible interest in the controversy; there was nothing that he could do, or be compelled to do, that could effect a cancellation of the invalid issue of plaintiff's treasury stock; and his presence as a party defendant was, therefore, neither necessary nor proper. (*Topping* v. *Van Pelt*, Hoff. Ch. (N. Y.) 545; *Wright* v. *Day*, 59 Misc. Rep. 76, [111 N. Y. Supp. 1105]; *Fairgate Realty Co.* v. *Drozda* (Mo.), 181 S. W. 398; *Campodonico* v. *Grossini*, 66 Cal. 358, [5 Pac. 609].) For this reason, appellant's motion for a nonsuit should have been granted. However, it will not be necessary to remand the case for a new trial, since the findings themselves, because they disclose that Lindsay had transferred all of his shares to Gardiner, show that it was error to render judgment against appellant. And that error, at least in so far as the judgment adjudges appellant liable for costs, is prejudicial.

The judgment is reversed as to the defendant Lindsay, and the cause remanded that the judgment may be modified in accordance with what is here said.

Sloane, J., and Thomas, J., concurred.