[Civ. No. 4111.   Second Appellate District, Division One.—April 19, 1923.]

ARTHUR S. CORBIN, Appellant, v. EMMA E. HOWARD (a Widow) et al., Defendants; LAURA STEUBER et al., Respondents.

[1] TRIAL—CONTINUANCE—DISCRETION.—The granting or denial of a motion for a continuance rests almost entirely in the discretion of the trial court, and its ruling will not be disturbed without a clear showing that there has been an abuse of discretion.

[2] ID. — ABSENCE OF COUNSEL — REFUSAL OF CONTINUANCE — DISCRETION NOT ABUSED.—In this action the court did not abuse its discretion in refusing to grant plaintiff's motion for a continuance on account of the absence of counsel, there being no showing that he was otherwise engaged or had any good excuse for not being present.

[3] ID. — TRIAL AS TO CERTAIN DEFENDANTS — CONTINUANCE AS TO OTHERS—JUSTIFIED PROCEDURE.—Under section 579 of the Code of Civil Procedure, a court is justified in proceeding to the trial of an action for the cancellation of a deed without service of process on all of the named defendants where it appears from the complaint that the unserved defendants have no interest in the property and the trial is continued as to them and judgment rendered only against the answering defendants.

APPEAL from a judgment of the Superior Court of Tulare County.   W. B. Wallace, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Kennicott & Williams for Appellant.

C. C. Mishler, John F. Keogh and Julius V. Patrosso for Respondents.

CURTIS, J.—This action was instituted to obtain a decree canceling a deed given to defendant Emma E. Howard by Frank H. Corbin, of whose estate the plaintiff is the residuary legatee.   The ground of cancellation insisted on was that the grantor, to the grantee's knowledge, was mentally incompetent to contract, and that the grantee fraudulently took advantage of the weak mind of the grantor. Frank H. Corbin, by deed executed the twenty-eighth day

of July, 1916, conveyed to Emma E. Howard certain real property situated in the county of Tulare. Thereafter the said Howard conveyed said land to defendant Lafayette G. Daily, and this defendant, with his wife, the defendant Effie Daily, conveyed the property to defendant A. G. Steuber, who in turn conveyed it to his wife, defendant Laura Steuber. The Steubers borrowed a thousand dollars from defendant Hellman Commercial Trust and Savings Bank, and gave a trust deed, covering said property, to the bank as security for said loan. The action was commenced in March, 1920. Summons was served upon all the defendants except the two Dailys, who it appears resided out of the state. Defendant Howard made default, and the defendants A. G. and Laura Steuber, and the Hellman Commercial Trust and Savings Bank answered, denying in one defense that any fraud had been practiced, and in another that they had any notice or knowledge of any fraud practiced upon the grantor, the said Frank H. Corbin. The answering defendants on September 20, 1920, had the case set down for trial for December 22, 1920, and on September 28, 1920, duly served notice of trial on plaintiff's counsel. On the day of trial plaintiff appeared, but without his counsel of record. With the assistance, however, of W. W. Middlecoff, Esq., an attorney other than his attorney of record, he made a motion for continuance on the ground of the absence of his attorney of record, which motion was denied by the court. The trial then proceeded and resulted in a judgment in favor of the defendants who had answered in the case, and as to the defendants who had not answered the trial was continued.

Plaintiff appeals from the judgment and assigns as grounds for reversal the refusal of the court to grant his motion for a continuance. During the discussion before the court relative to plaintiff's motion for a continuance, an affidavit in support thereof had been presented by the plaintiff; afterward, and before the court had ruled upon the motion for a continuance, the attorney who was then representing plaintiff withdrew this affidavit. The court thereafter held that this attorney had no right to represent plaintiff on the hearing and he withdrew from the case. Plaintiff now contends that as this attorney was acting for him without any right, that he had no authority to withdraw the affidavit

and that the court erred in permitting him to do so. The affidavit is set forth in full in the bill of exceptions on file herein. It is clear from a reading of it that it was wholly insufficient to entitle plaintiff to a continuance of the trial of the case. It fails entirely to account for the absence of plaintiff's attorney. It sets forth that on account of sickness of his attorney of record, and on account of his occupation with other business that he did not prepare the case for trial, but that he had stated to plaintiff that he would have a motion for continuance made in proper time. There was nothing in the affidavit to show that the attorney was then unable to be present in court on account of sickness, or that he was then occupied with other business. The affidavit then proceeds to set forth the names of certain witnesses, and a very imperfect and inadequate statement of the facts which he expected to prove by them, but wholly failed to account for the absence of said witnesses at the trial or for his failure to take their depositions. The affidavit for a continuance was insufficient for any purpose, and being so, the action of the court in permitting its withdrawal, if erroneous at all, was not such error as would entitle plaintiff to any relief on this appeal.

We may further observe, however, that we think that Mr. Middlecoff was authorized to represent the plaintiff, and to stipulate, as he did, that there be a judgment that the plaintiff take nothing as against respondents. The plaintiff's attorney had abandoned the case by failing to appear at the trial. His absence being without excuse, he had ceased to act as such attorney. There remained no reason why the plaintiff could not, without notice to his attorney of record, engage Mr. Middlecoff to represent him at the trial and in all further proceedings of the case. (Code Civ. Proc., sec. 286.)

[1] In connection with the objection of the plaintiff that the court erred in denying his motion for a continuance, we might add that the law is well established that the granting or denial of a motion for a continuance rests almost entirely in the discretion of the trial court, and its ruling will not be disturbed without a clear showing that there had been an abuse of this discretion. This question was fully considered in a recent decision of this court, wherein an extended reference was made to the authorities upon this

point and the conclusion reached in line with the rule above stated. (*Flynn* v. *Fink,* 60 Cal. App. 670 [213 Pac. 716].) It will be observed that the case cited was one in which the continuance was asked on account of the absence of counsel who were then engaged in the trial of a case in another court. There was no denial in that case that counsel were so engaged, but the lower court denied the motion for a continuance and its ruling was upheld.

[2] In the case before us, as we have before noted, there was no showing at all that counsel was otherwise engaged or had any good excuse for not being present in court. We are satisfied upon this state of facts that the lower court did its duty in the premises and that no abuse of discretion has been shown.

[3] Plaintiff further contends that the court proceeded to the trial of the action without all of the defendants having been served with summons, and that the case was not then at issue. The defendants not served with summons were Lafayette G. Daily and Effie Daily, his wife. The only mention of these parties in the complaint is that the defendant Howard conveyed to Lafayette G. Daily the real property described in the deed sought to be set aside, and that defendants Lafayette G. Daily and Effie Daily in turn conveyed the property to the defendant Steuber. It is also alleged in the complaint that Lafayette G. Daily had no real interest in the property but was a mere dummy for the defendant Howard to use in the transaction of her business. The prayer of the complaint is that the conveyances mentioned in the complaint be canceled, that the property be declared to be free of any encumbrance, and that plaintiff's title thereto be quieted. It is evident from these facts that the complaint shows that the Dailys, if they ever had any interest in the property, had none at the time the action was commenced and that they were not necessary parties to the action, even if they were proper parties. In our opinion, they were not even proper parties. (*Campodonico* v. *Grossini,* 66 Cal. 358 [5 Pac. 609].) This being the case, the rights of plaintiff could not be prejudiced by proceeding to trial without the service of process upon the Dailys. As before stated, however, the court expressly continued the case as to the Dailys and Mrs. Howard and proceeded to

trial only as to the defendants who had answered, and the judgment rendered is only against these last-named defendants. This procedure was in our opinion justified by the provisions of section 579 of the Code of Civil Procedure, reading as follows: "In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper."

It is further contended by the plaintiff that there was no evidence in support of the court's findings that no fraud was practiced on Frank H. Corbin, nor that the deed was obtained by Howard at a time when Corbin was of a weak mind. This is a negative finding on an issue based upon the affirmative allegation of the plaintiff and the defendants' denial thereof. The burden of proof was, therefore, with the plaintiff to sustain his allegation. Unless the plaintiff produced evidence sufficient to convince the court of the truth of this allegation, it was the duty of the court to find against him, even if the defendants produced no evidence whatever. Upon this issue there was evidence produced by each party. It was extremely limited in amount and indefinite in character. Taking the testimony of plaintiff alone, we seriously question whether it would have supported a contrary finding by the court, and taking the whole of the testimony upon this issue we are satisfied that the finding of the lower court was correct.

There are other findings of the court which the plaintiff maintains were unsupported by the evidence, but the court having found that the original deed was not tainted with fraud, and that the mind of the grantor therein was sound at the date of its execution, the other findings in the case objected to by the plaintiff became immaterial. These findings relate to the amount of the consideration paid for the land, the value of the land, and the knowledge on the part of the defendants as to the condition of mind of the said Frank H. Corbin at the time he executed said deed. The original transaction, having been sustained by the court, all other matters and all subsequent acts of the parties became of no consequence. We cannot say, however, that there was no evidence to sustain these last-mentioned findings. On the other hand, we think the record discloses evi-

dence in support of each of them sufficient to warrant the court in the conclusions reached by it.

The judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.