[No. 24085. Department Two. December 19, 1932.]

SPOKANE SECURITY FINANCE CORPORATION, *Respondent,* v. JESSIE E. TITUS, *Appellant.*[1]

S. *Edelstein,* for appellant.

G. E. *Lovell,* for respondent.

[1]Reported in 16 P. (2d) 1053.

BEALS, J.—During the autumn of 1925, defendant, Jessie E. Titus (then Jessie E. McKenzie), was the owner of the furniture situated in an apartment hotel in the city of Spokane known as "Granby Court." October 1, 1925, defendant contracted to sell the furniture in this hotel to Inez Reeder for $15,000, receipt of $4,500 being acknowledged as a down payment, the balance payable in monthly installments of $150 each. On the next day, Boyles Brothers Co., Inc., the owner of the Granby Court property, leased the same to defendant for the term of six years from October 1, 1925, for a total rental of $32,400, payable $450 a month in advance. The lease provided that the lessor should have a lien upon all the personal property belonging to the lessee located in the apartment house, as security for the payment of the rental.

The lease was acknowledged both by lessor and lessee October 5, 1925, and, at the same time, defendant and Inez Reeder made oath that the mortgage contained in the lease was made in good faith, being the oath required by law in connection with a chattel mortgage. On the date last mentioned, defendant, by endorsement on the lease, assigned all her right, title and interest therein to Inez Reeder, who assumed all the terms thereof, the lessor in writing consenting to the assignment, the consent containing a provision to the effect that the original lessee (defendant herein) and the assignee agreed to pay the rent reserved in the lease. The lease was regularly filed as a chattel mortgage in the office of the auditor of Spokane county.

April 17, 1929, defendant assigned the contract of conditional sale between herself and Inez Reeder to Frankie E. Sparrell, the assignment authorizing the assignee to institute and maintain any action to enforce collection of any sums due on the contract of conditional sale, such actions to be waged at the expense

of the assignee. At the time of this assignment, there was an unpaid balance due upon the contract of conditional sale in the sum of $5,663.19, with interest from April 6, 1929.

On the following day, Frankie E. Sparrell, by written assignment, transferred all of her interest in the contract of conditional sale to plaintiff, Spokane Security Finance Corporation. No bill of sale of the furniture was given to or by Mrs. Sparrell in connection with the transaction above referred to. It appears that all rentals due under the lease of Granby Court up to and including the month of April, 1929, together with all sums due defendant from Inez Reeder, had been paid at the time of the assignment to plaintiff of the contract of conditional sale. Defendant, as consideration for the assignment of this contract, received title to certain furniture in another hotel property, which furniture was subject to a landlord's lien contained in a lease similar to that covering the Granby Court property.

During the month of August, 1931, Boyles Brothers Co., Inc., instituted an action for the recovery of $2,800, as rent due under the Granby Court lease, the complaint naming Inez Reeder as the debtor and defendant, and Jessie E. Titus and "Frank M. Moore" (evidently intended for Frank M. Mohr, an officer of plaintiff) as additional defendants claiming some interest in the personal property against which it was sought to establish the lien. The complaint in this action sought recovery of judgment only against Inez Reeder, and alleged that she owed the money sought to be recovered therein.

September 10, 1931, Frankie E. Sparrell executed in favor of plaintiff an assignment of all rights which she had received from defendant under the assignment of the contract of conditional sale, and authorized plain-

tiff to appear for her and in her place and stead and enforce any rights that she might have under the assignment. November 20, 1931, a stipulation was entered into between Boyles Brothers Co., Inc., as plaintiff in the foreclosure action, and Frank M. Moore, one of the defendants therein, whereby it was agreed that the action should be dismissed with prejudice, and, pursuant to this stipulation, an order of dismissal was entered.

December 3, 1931, plaintiff brought this suit against defendant, stating in its complaint two causes of action: First, for breach of an implied warranty of title to the property described in the contract of conditional sale, which defendant had assigned to Mrs. Sparrell, and Mrs. Sparrell in turn to plaintiff; plaintiff alleging the existence of the chattel lien contained in the lease as a breach of warranty, and suing as assignee of Mrs. Sparrell to recover $2,700, alleging that the plaintiff was obliged to and had conveyed to Boyles Brothers Co., Inc., all its interest in the hotel furniture described in the contract of conditional sale in satisfaction of the unpaid lien for. rent due under the lease of Granby Court during the latter portion of the occupancy of the premises by Inez Reeder.

In its second cause of action, plaintiff sought to recover the same amount upon the theory that defendant had executed a chattel mortgage in favor of Boyles Brothers Co., Inc., covering the hotel furniture, as security for rent to become due under the lease, and that defendant had received $2,700 by way of rent for the use and occupancy of the premises, which sum plaintiff was compelled to pay in the suit of Boyles Brothers Co., Inc., v. Reeder *et al.,* in satisfaction of the claim against the furniture.

A trial to the court resulted in findings of fact and conclusions of law in plaintiff's favor, to the effect that

plaintiff was entitled to judgment against defendant for the sum of $2,800. From the judgment entered against her in this amount, defendant appeals.

On the trial, appellant sought to prove knowledge on the part of respondent, prior to the assignment from Mrs. Sparrell to respondent, of the fact that the lease of Granby Court provided that the lessor therein should have a lien upon the hotel furniture to secure sums due it under the lease. Concerning this matter, counsel for respondent, during the course of the trial, stated:

"Now, of course—I am merely stating this so your Honor will understand my argument—of course, we knew there was a mortgage of record because the mortgage was there, so her telling us it was there didn't give us any information—we knew it from the record."

From the record before us, it must be assumed that respondent, prior to taking the assignment from Mrs. Sparrell, was advised that the landlord had, under its lease, a lien upon the furniture in the hotel for sums to become due it by way of rental.

Appellant's assignments of error go to the sufficiency of the evidence to support the judgment rendered, and only a general discussion thereof is necessary.

The assignment from appellant to Mrs. Sparrell contains no warranty of title to the property. The amount of the balance due on the contract is set forth therein, together with the times at which this balance was payable. In this connection, we assume, as argued by respondent, that this assignment was the equivalent of a sale of appellant's interest in the goods which she had agreed to sell to Inez Reeder; in other words, that appellant then sold to Mrs. Sparrell the property which she had agreed to sell to Mrs. Reeder, subject to Mrs. Reeder's rights under the contract of conditional sale.

*State Bank of Black Diamond v. Johnson,* 104 Wash. 550, 177 Pac. 340, 3 A. L. R. 235; *Western Lumber Exchange v. Johnson,* 110 Wash. 200, 188 Pac. 388; *Martin v. McAvoy,* 130 Wash. 641, 228 Pac. 694.

The assignment from Mrs. Sparrell to respondent is very brief, and contains no covenants of warranty whatsoever; the original contract of conditional sale being merely described by the amount of consideration therein, the date of filing the same in the auditor's office, and the auditor's file number thereof. Holding, as we do, that respondent, at the time Mrs. Sparrell assigned to it the contract of conditional sale, had actual notice of the provisions in the lease awarding the lessor therein a lien upon the hotel furniture, we are clearly of the opinion that, upon the record before us, it must be held that respondent has no claim against appellant by way of breach of any warranty of title.

Rem. 1927 Sup., § 5836-13, reads in part as follows:

"In a contract to sell or a sale, unless a contrary intention appears, there is:

. . . . . . . . . . . . . . .

"(3) An implied warranty that the goods shall be free at the time of the sale from any charge or encumbrance in favor of any third person, not declared or known to the buyer before or at the time when the contract or sale is made."

In the case of *Dreisbach v. Ecklekamp,* 82 N. J. L. 726, 83 Atl. 175, the supreme court of New Jersey held that, in a sale of personal property, there was no implied warranty of title or warranty against encumbrances on the part of the vendor, where the vendee knew of an encumbrance and it appeared from the surrounding circumstances that the transfer of an unencumbered title was intended by neither party. In the case at bar, appellant was not in possession of the personal property, which fact was well known to re-

spondent. We are clearly of the opinion that it must be held that respondent received, under the assignment from Mrs. Sparrell, exactly the title which it expected to receive, and that it can maintain no claim against appellant upon any breach of warranty.

Respondent's principal contention is that it paid to Boyles Brothers Co., Inc., $2,800, which appellant was obligated to pay, and that appellant is liable to respondent under the doctrine of equitable subrogation, respondent having paid appellant's debt. Respondent's testimony was to the effect that Frank Mohr, the president of respondent and the person who negotiated the purchase from Mrs. Sparrell, testified that, when he made the deal, he was convinced that the conditional sale contract which he bought was ahead of any other claim. From the evidence, this seems to have been entirely a mere assumption on his part. Indeed, the evidence preponderates against the truth of this testimony. Appellant testified that, when she had endeavored to sell her conditional sale contract to respondent prior to her sale thereof to Mrs. Sparrell, respondent had requested her to guarantee Mrs. Reeder's payments thereunder, and that appellant refused to do so. We assume, as contended by respondent, that it was never agreed between the parties that respondent should assume any liability for the payment of rent under the lease.

Respondent, then, purchased certain hotel furniture which was subject to a lien for future rental under a lease, concerning which it must be held that respondent had full knowledge. When action was instituted by the lessor to foreclose this lien in satisfaction of unpaid rental, respondent, acting on its own behalf, turned over the furniture in settlement of the claim. The effect was the same as though respondent had stood by and allowed the landlord to take his judgment of

foreclosure and sell the property thereunder. It is true that this property went to satisfy a claim for rent under the lease, but we are unable to follow the trial court in its conclusion that, as matter of law, respondent, under the doctrine of equitable subrogation, is entitled to judgment against appellant.

It is true that, by the transaction, appellant may have been relieved of an obligation upon which she was secondarily liable, but this is far from presenting a situation which requires the application of the doctrine of equitable subrogation as against appellant. Respondent argues that it was required to protect its own property, but this it did not do. It relinquished all of the property, and respondent does not contend that it thereby was relieved of any obligation to pay rent.

Respondent cites several authorities, but none of them go so far as to support its contention here. We are in entire accord with the opinion of this court in the case of *University State Bank v. Steeves,* 85 Wash. 55, 147 Pac. 645, wherein this court quoted with approval from *Murray v. O'Brien,* 56 Wash. 361, 105 Pac. 840, 28 L. R. A. (N. S.) 998, as follows:

"The remedy [equitable subrogation] is no longer limited to sureties and quasi sureties, but is freely applied by courts of equity in all cases where good conscience and equity dictate that a debt paid by one under any sort of legal coercion ought to be paid by another."

Under the facts of this case, however, we are unable to hold that the principle which controlled the case cited is applicable here.

The trial court erred in ruling in respondent's favor, and the judgment appealed from is reversed, with instructions to dismiss the action.

TOLMAN, C. J., STEINERT, and MAIN, JJ., concur.