HLUBOCKY, Plaintiff, vs. SCHRAMEL, Appellant: BELLE
City Building & Loan Association, Respondent.

*April 27—May 17, 1938.*

The cause was submitted for the appellant on the brief of *Jos. A. Studnicka* of Milwaukee, and for the respondent on that of *Thompson & Monk* of Racine.

WICKHEM, J. In December, 1933, the parents of plaintiff owed defendant Schramel the sum of $375, evidenced by a negotiable promissory note made by them and secured by five shares of the stock of the defendant building and loan association. The stock was issued in the name of plaintiff, who was a minor. The mother of plaintiff signed plaintiff's name to these certificates (adding her own name) and delivered them to defendant as collateral for the note. The note was renewed several times, and on December 16, 1935, a new note was executed in the sum of $311.28; this being the balance due. The makers of the note defaulted when the note was due, and Schramel later sold the note to the defendant building and loan association for its face value. The collateral was delivered to the association with the note. The assignment of the stock by plaintiff's mother was in blank. Schramel's indorsement of the note to the building and loan association was without recourse.

It is contended by appellant that the Negotiable Instruments Act is not involved; that the note being transferred after maturity, the respondent was not a holder in due course; that since the indorsement was without recourse, appellant undertook no contractual liability; that respondent knew all of the facts concerning the title as fully as did appellant, since the stock transferred was stock in the respondent association. Respondent contends that the case is controlled by the Negotiable Instruments Law and the Uniform Stock Transfer Act; that the indorsement without recourse is a qualified indorsement within the meaning of the Negotiable Instruments Law; that the qualified indorsement warrants title to the instrument transferred; that this warranty extends to the collateral transferred; that apart from this, the transferor of a claim secured by collateral is liable for the same warranties under the Stock Transfer Act as under the Negotiable Instruments Act; and that there was a breach

of warranty of title entitling respondent to damages, which in this case correspond to the full amount of the consideration.

There are questions of some difficulty in this case, and in order to reach them it is necessary to clear away the more or less obvious aspects of the case. Schramel was the holder of an overdue negotiable instrument at the time of the transaction upon which the cross complaint is based. He had in his possession collateral in the form of corporate stock capable, so far as the form of assignment was concerned, of transfer by delivery. The note being overdue, there was no possibility of his transferring it in such a way as to make the transferee a holder in due course. He transferred it by indorsement without recourse and sustained no indorser's liability upon the note except for such warranties as a qualified indorser makes under sec. 116.70 of the Negotiable Instruments Law. These warranties are of no importance here for the reason that both the note and his title to it were perfectly good, and consequently there was no breach of warranty with respect to it. The breach of warranty, if any, was in connection with the transfer of the collateral. With respect to the collateral certain principles are too elementary to require more than a statement of them. The transfer of the claim of the pledgee Schramel carried with it the stock pledged as security for the claim. Sec. 183.11, Stats. 1935, provides as follows:

"(1) A person who for value transfers a certificate, *including one who assigns for value a claim secured by a certificate,* unless a contrary intention appears, warrants:

"(a) That the certificate is genuine;

"(b) That he has a legal right to transfer it; and

"(c) That he has no knowledge of any fact which would impair the validity of the certificate.

"(2) In the case of an assignment of a claim secured by a certificate, the liability of the assignor upon such warranty shall not exceed the amount of the claim."

It is a verity upon this appeal that the title to the stock was not in appellant Schramel, and therefore there was a breach of warranty as to the right to transfer it. The questions are: (1) Whether, since the stock had been issued to plaintiff and was indorsed in blank by his mother with no apparent authority, and the stock obviously and plainly used to collateralize a debt of the father and mother and not one of the plaintiff, the building and loan association did know as fully as Schramel that the title was not in him, and (2) if they did, what is the effect of this knowledge upon Schramel's liability for breach of warranty? That the knowledge of the person to whom a warranty is made may be material has been heretofore recognized. In an early case, BRIAN, C. J., said:

"If a man sells me a horse and warrants that he has two eyes, if he has not, I shall not have an action of deceit, as I could know this at the beginning." (Y. B., 11 Ed. IV 6, 10.) See 1 Williston, Sales (2d ed.), p. 397, § 206.

In 1 Williston, Sales (2d ed.), p. 424, § 219, it is stated with reference to implied warranties of title:

"The nature of the seller's right may also be known to the buyer and may be of such doubtful character that it must be assumed the parties intended to buy and sell only such title as the seller had." Citing *Dreisbach v. Eckelkamp,* 82 N. J. Law, 726, 83 Atl. 175; *Chapman v. Speller,* 14 Q. B. 621; *Bagueley v. Hawley,* L. R. 2 C. P. 625; *Hopkins v. Grinnell,* 28 Barb. (N. Y.) 533.

See also 55 C. J. p. 695, for cases laying down the rule that reliance upon an express warranty as a statement of fact must be shown by the buyer; *Ibid.* p. 698, for cases to the effect that a buyer's knowledge of defects or the fact that they are patent usually operates to exclude such defects from a general warranty; *Ibid.* p. 716, containing authorities to the effect that no warranty is implied against defects of which the buyer has full knowledge equal to that of the seller.

It seems to us that the principle underlying rules applying generally to express and implied warranties (whether of title or other defects) governs this appeal. Whatever breach of warranty could be claimed to exist here would arise out of sec. 183.11 (1) (b), Stats., "that he has the legal right to transfer it." As to this, the officer of respondent who made the purchase knew: (1) The complete history of the certificate since it represented stock in respondent, and he had made or supervised the various entries and transfers with respect to it; (2) that the stock was in plaintiff's name; (3) that plaintiff was a minor; (4) that the certificate was not assigned by plaintiff; (5) that it was in fact assigned by plaintiff's mother; and (6) that the debt for which it was deposited as collateral was that of the parents and not that of plaintiff. Respondent through its officer knew quite as much if not more than appellant concerning the latter's right to transfer, and the showing that all of the above facts were thoroughly understood by respondent makes it clear that the latter is in no position to establish an implied warranty by appellant or its breach. It follows that respondent's cross complaint must be dismissed.

*By the Court.*——Judgment reversed, and cause remanded with directions to dismiss respondent's cross complaint.